The foregoing exceptions, as for errors occurring at the trial, this Court overrules. But this Court is of opinion that there was error in the Court below, in overruling the prisoner’s demurrer to the second count of the indictment. The charge in that count is, for setting fire to a certain other house, and the offence, in the language of the statute, is to burn any house, &c.
We are not satisfied that setting fire to and burning, have been established by any legal authority to be synonymes, so as to justify, in an indictment upon the statute, the substitution of the former words in the place of the other. East, (2 Cr. L. 1020, § 2,) remarking upon the statute 9 Geo. i. ch. 22, says, that that statute does, indeed, in enacting the felony, make use of the words “set fire to,” but he was not aware of any decision which had put a larger construction on those words than prevails by the rule of the common law; and the contrary opinion may be collected (he says) from what is said in Spalding's Case (1 Leach 218), and Breeme's Case, (1 Leach 220,) and in the case of Sarah Taylor, (1 Leach 49.) With all the respect which is justly due to this writer, upon an attentive inspection of the au *671 thorities which he has referred to, it will be discovered that there is nothing in these cases which decides that these expressions are identical in their meaning. The same author, in a subsequent section, (§ 11,) says, that at common law, it was necessary to state an actual burning, but that the statute 9 Geo. i. ch. 22, using the term “ set fire to” the house, it is now become common to state both, though (as he says) in effect meaning the same thing. (2 East 1033.) But yet in Salmon's Case, Russ. & Ry. C. C. 26, (which was a prosecution under this statute, for setting fire to a hay stack,) it was moved to arrest the judgment, on the ground that it was not averred in the indictment, that by reason of setting on fire, the stack of hay was burnt and consumed; and the point being reserved, the Judges were of opinion that the conviction was right — that it was not necessary the stack should be burned, the words of the act being “ set fire to.” (2 Gabb. Cr. L. 79.) This authority seems clearly to decide that setting fire to and burning are not legal synonymes. If they were, there would be no reason for that redundancy of language which is usual in the indictments under the stat. 9 Geo. i., according to the forms, laying burning as well as setting fire to. (See 3 Chit. Cr. L. 1109-1115.) In the statutory offences of arson, enacted in the 2d and 3d sections of our statute, 1 Rev. Code, ch. 160, the offences are described <l burn or set fire to but in the 4th section, under which it is that the present indictment is laid, the expression is “ burn” alone. The change in the phraseology would seem to intimate on the part of the Legislature that there was a difference in the meaning. It is not, therefore, without reason, that Mr. Davis, in his work on Criminal Law, regarded the difference in the language as distinguishing between burning and setting fire to. (Davis’ Cr. L. 117, see note q.)
It will be observed that the question of variance between the statute and the second count in the indict *672 ment being raised by a demurrer, the rules of criminal pleading must be applied to the case in all the strictness of the common law, unmitigated by the statute of jeofails, which applies to exceptions taken after verdict. In framing indictments upon statutes, as in the present case, it is in general necessary, not only to set forth on the record all the circumstances which make up the statutable definition of the offence, but also to pursue the precise and technical language in which they are expressed ; and upon this ground an indictment for rape must contain the word “ravished:” nor will any expressions of force and carnal knowledge excuse its omission. 1 Chit. Cr. L. 286; Hawk. b. 2, ch. 25, § 110; Archb. Cr. Pl. 47, &c. In one case, an exception was allowed to this rule of verbal conformity of the indictment to the language of the statute, where an indictment, in charging an accessory before the fact in murder, employed the words “ excite, procure and move,” instead of the words of the statute, “command, hire or counsel.” And the reason assigned for the departure in that case from the general principle was, that the statutes respecting accessories, make use of a great variety of terms to designate them, and therefore they may all be expressed by their legal import. Grevil’s Case, 1 Anderson’s R. 195; Fost. 130; 1 Hale 521, 2. Although in that case the departure from the words of the statute extended only to the substitution of other words which legislative usage had made synonymous, yet that case seems not to have been much favoured in the remarks which have been made upon it. Foster {130) speaks of it as the only precedent he had met with where the words of the statute have been wholly dropped; and Ckitty (1 Cr. L. 288,) says that the opinion given in that case does not seem to have ever been expressly recognized in any later decision. And he says that it is in every case advisable to attend, with the greatest nicety, to the words contained in the act; for *673 no others can be so proper to describe the crime; the exceptions, if any, are doubtful; and the broad principie which renders a strict adherence essential, is supported by too strong a number of decisions to be shaken. The words of every statute creating an offence present a ready and convenient form in framing an indictment upon it. The substitution of other words in the place of those used in the statute cannot be too strongly discountenanced.
Upon the foregoing considerations, this Court reverses the judgment, and all the proceedings subsequent to the demurrer aforesaid ; and the cause is remanded to the Circuit Court of Wood county, with instructions to enter judgment upon the demurrer to the second count, in favour of the prisoner; and to be thence further proceeded in, and a new trial had upon the first count.-