# WHEELING.

## CAMPBELL *v.* LYNN & CO.

### July 15, 1874.

On the trial of an issue under the plea of *non assumpsit*, C., the plaintiff, introduces evidence tending to prove that a contract was made by the defendant L. to pay him $1,000 *per annum* for wages, and that said contract was agreed to be kept secret, that others in the employment of defendant might not be incited to demand an advance in their wages; that plaintiff continued under said contract for about three years, and had received $2,340; that defendant introduced evidence tending to prove that no such contract was made, but that plaintiff was to receive $15. per week during said three years, and that that amount per week was paid him during that time, and that a few days before said three years expired, plaintiff made a claim for $1,000 per year as being their contract but which was denied by the defendant, and nothing further said at that time; that it was further proved that no other claim was made by plaintiff until about six months afterwards, when suit was brought, and, thereupon, the defendant offered to give evidence to the jury as follows, to-wit: "that the plaintiff was, during said three years and ever since, has been in very poor and very needy circumstances, pecuniarily."—HELD:

1. That the evidence is inadmissable.

2. That a new trial will not be granted where a case has been fairly submitted to the jury and a verdict fairly rendered, unless manifest wrong and injustice have been done, or unless the verdict is plainly not warranted by the facts proved.

Appeal, by the defendants, from the judgment of the municipal court of the city of Wheeling, rendered on the 8th day of July, 1873, in a suit therein pending, wherein James Campbell was plaintiff and David Lynn, S. S. Lynn and John G. Lynn, partners in trade under the firm name of D. Lynn & Co., were defendants.

But two questions were discussed and considered by
84

1874.
June Term.

Campbell
v.
Lynn & Co.

this court, and these arose upon the exclusion of certain evidence, by the court below, from the jury, on the trial, and the overruling of the motion of the defendants to set aside the verdict of the jury and grant them a new trial.

As shown by the *first* bill of exceptions, taken by defendants below, and which raises the *first* question discussed here "the plaintiff to maintain the issue on his part, introduced evidence tending to prove that a contract was made by the defendants immediately before January 1, 1869, to pay him $1,000 per year, and to pay, also, his house rent, amounting to $120 per year, for his services after that date as foreman of their iron foundry, and that said contract was agreed to be kept secret, so that the other employes of the defendants might not be incited thereby to demand an advance in their wages, and tending also to prove that plaintiff had served defendants under such contract until January 1, 1872, for which they had paid him before this suit was brought $2,340, and had paid also therefor his house rent during said three years ; and the defendants, to maintain the said issue on their part, introduced evidence tending to prove that no such contract was ever made, but that the plaintiff was to serve the defendants, as aforesaid, for $15 per week and his house rent, as above, during said three years ; and it was proved that said house rent, for said three years, was paid by the defendants before this case was begun, and that the plaintiff was paid by them, also, before this suit was begun, $15 per week for his services as such foreman at the end of each week, from January 1, 1869, to January 1. 1872, which amount was received by him during said three years without any claim that any more was due him for his services as aforesaid, except that a few days before January 1, 1872, plaintiff claimed to David Lynn, one of the defendants, that his understanding was that defendants were to pay him $1,000 per year and to pay his house rent, and that said Lynn denied, in reply to said claim, that there was ever any such understanding, and nothing more was said by

either Lynn or Campbell at that time; and it was further proved that no other claim was ever made by plaintiff upon defendants for anything more than said $2,340 and the house rent, until over six months after January 1, 1872, about the time this action was brought, and that plaintiff left the defendants' employment on December 31, 1871. And thereupon the defendants, to further maintain the issue on their part, offered to give evidence to the jury as follows, to-wit: That the said Campbell was, during said three years, and ever since has been, in very poor and very needy circumstances, pecuniarily.

Whereupon the court, upon motion of the counsel for the plaintiff, excluded said evidence, so offered, from going to the jury, as inadmissible in law. To which ruling of the court, excluding the same, the defendants excepted, and tendered this their bill of exceptions, and prayed that the same might be signed, sealed and made a part of the record in this case, which is here accordingly done, this 9th day of July, A. D. 1873."

The *second* question discussed is raised by the *second* bill of exceptions, which recites "that after the jury were sworn to try the issue joined in this cause, the following facts were proven: That David Lynn, one of the defendants, on being asked by Matthew Beazle, a witness, in the iron foundry of the defendants in Wheeling, West Va., in the fall of 1869, what wages defendants were paying plaintiff as their foreman in said foundry, replied one thousand dollars per year and house rent, which house rent was afterwards proved to have been $120 per year, though the amount or rate thereof was not stated by said David Lynn to said Beazle; that said Campbell was employed by D. Lynn & Co., from January 1, 1869, until January 1, 1872, as such foreman, and was paid by defendants, before the commencement of this action, fifteen dollars per week for each week during said time, and at the end of each week during said time received said wages for the week past; that his house rent, $120 per year, for said three years, was also paid by defendants

before the commencement of this action; that at the time said Beazle made inquiry, as above, of David Lynn, Beazle informed him he was about to go into the employ of Bell & Co., a firm who owned and operated another iron foundry in Wheeling, West Va. It 'was proved by the defendant David Lynn that he did not recollect of making any such statement, as above, to Beazle, but defendant stated that whatever statement he made to Beazle was the truth; that a few days prior to January 1, 1872, the plaintiff, in the engine room of said iron foundry of defendants, told David Lynn that his understanding was that defendants were to pay him one thousand dollars per year and his house rent as aforesaid; that David Lynn denied that defendants had ever agreed to do so, and no more was said on the subject at that time; that claimant was paid at the close of the year 1871, by defendants, fifteen dollars for his services, as aforesaid, during the last week of 1871, and received the same without claiming more was due him; that plaintiff left the service of the defendants as foreman on January 1, 1872; that the plaintiff told John Reed, a witness, a few days after January 1, 1872, that he had settled with defendants and left their employ; that plaintiff, while in the service of defendants, as aforesaid, as foreman, had sold out of the defendants' foundry the merchandise specified in the defendants' bill of set-offs, which is here referred to and made a part hereof; that said merchandise was thus sold at the dates and for the prices therein stated, and that the plaintiff had never, before the trial of this case, informed defendants he had made any such sales, nor accounted with them for or paid them the value of said merchandise, or any of it. And these were all the facts proved during the trial of said cause.

And thereupon the said jury being sent out of court to consult of their verdict, after some time returned and rendered a verdict for the plaintiff, assessing his damages at seven hundred and eleven dollars and one cent,

aggregate of principal and interest to the date of said verdict, and interest thereon from that date till payment, and costs: whereupon the defendants, by their attorneys, moved the court to set aside the said verdict and grant them a new trial therein, upon the ground that the said verdict is contrary to the evidence, which motion was overruled, and the defendants excepted to said ruling of the court, and tender this their bill of exceptions, which they pray may be signed, sealed, and made a part of the record in this case which here accordingly done, this 9th day of July, A. D., 1873."

The Hon. Gibson L. Cranmer, judge of said municipal court, presided at the trial below.

*Caldwell & Caldwell,* for the appellants.

*J. Hanson Good* and *James P. Rogers,* for the appellee.

PAULL, JUDGE :

The plaintiff, James Campbell, brought his action of assumpsit in the court below, for services rendered the defendants for three years, amounting to $3,360, only claiming an actual balance, however, to be due him of $660. The declaration consists only of the common counts. Upon the trial, verdict and judgment were rendered for him, for the balance claimed and interest.

The plaintiff gave evidence as stated in the first bill of exceptions, tending to prove that a contract was made by the defendants immediately before January 1, 1869, to pay him $1,000 per year, and to pay also his house rent amounting to $120 per year, for services as foreman in their iron foundry ; that said contract was to be kept secret, and that he had received thereon the sum of $2,-340 and his house rent during said three years.

And the defendants gave evidence tending to prove that no such contract was ever made, but that the plaintiff was to serve the defendants as aforesaid for $15 per week and his house rent, for three years; that $15 per week and his house rent was paid during the said three years without any claim that any more was due him, un-

til a few days before January 1, 1872, when plaintiff claimed to D. Lynn, one of the defendants, that they were to pay him $1,000 per year and house rent, and that said Lynn denied, at that time, that there was any such understanding; and that no other claim was made by plaintiff until six months afterwards. when suit was brought.

And, thereupon, the defendants offered to give evidence to the jury, "that the plaintiff was, during said three years, and ever since has been in very poor and very needy circumstances, pecuniarily," but the court excluded the evidence, and defendants excepted. It will not be contended that this evidence was admissible with a view of impeaching the credibility of the plaintiff as a witness: Though it does not certainly appear from the bill of exceptions that he was introduced as a witness. Is the evidence pertinent to the inquiry, whether there was anything due to the plaintiff, being a question involved in the issue? The answer to this inquiry may not be wholly free from doubt; but we do not think, under the evidence as contained in the bill of exceptions, a sufficient foundation has been laid for introducing the evidence proposed. As he never claimed, for nearly three years, that more was due him than he had been receiving, the inference it is claimed, would be, that his necessities would have compelled him to make the claim earlier, if it had been founded in right. But the record shows that this contract, as to the amount, was to be kept secret, and it does not appear that all the evidence adduced is contained in the bill of exceptions. Although in needy circumstances, the inference proposed to be drawn from the evidence to be introduced may not be the correct one, to-wit: That nothing was due him, or that full payment had been made to him. He may have had other and what he regarded as sufficient reasons for his silence up to the time of making his demand. Upon the whole we think the evidence was not admissible and that there was no error in excluding it from the jury.

Was there error in overruling defendants' motion for a new trial, is the only remaining question? The motion is made on the ground that the verdict is contrary to the evidence. The second bill of exceptions, setting forth the motion for a new trial contains a statement of the facts and evidence. It is unnecessary to give a particular analysis of the testimony, but merely observe that the contract for the payment of $1,000 per annum to plaintiff and the house rent is clearly proved by the admission of one of the defendants, which he made by his own declaration to a witness, and which admission he does not deny, although himself examined in the case. It appears, however, that when the plaintiff subsequently claimed a larger amount than $15 per week, under a contract for $1,000 per annum, the defendant Lynn denied that such agreement was made. It is further shown that the plaintiff had said that he had settled with the defendants and left their employment. Upon a careful examination of this testimony and the evidence as it is presented in the record, we are unable to say that the judgment of the court, under the rules applicable to such motions, is erroneous. The rules of law governing applications for new trials have been clearly settled by repeated adjudications.

In the case of *Patteson v. Ford*, 2 Gratt., 18, it was *held* that the jury is the proper judge of the credibility of a witness. Consequently, when a motion for a new trial, based upon the ground that the verdict is contrary to the evidence, has been overruled by the court below, the appellate court will not reverse the judgment upon a certificate of the evidence. Contradictory or conflicting evidence, it has been alleged by the defendants in their petition, was given by the parties themselves, it would seem as witnesses, involving their credibility before the jury; and in such cases, according to the foregoing authority, an appellate court will not interfere.

In *Grayson's case*, 6 Gratt., 712, the principles applicable to new trials are again passed in review. And in

the case of *Blosser v. Harshbarger*, 21 Gratt., 214, it was *held* as follows, in accordance with previous cases: "A new trial asked on the ground that the verdict is contrary to the evidence, ought to be granted only in a case of plain deviation from right and justice; not in a doubtful case, merely because the court, if on the jury, would have given a different verdict." Again, "When a case has been fairly submitted to a jury, and a verdict fairly rendered, it ought not to be interfered with by the court, unless manifest wrong and injustice has been done, or unless the verdict is plainly not warranted by the facts proved."

And again, "Where some evidence has been given which tends to prove the fact in issue; or the evidence consists of circumstances and presumptions, a new trial will not be granted, merely because the court, if upon the jury, would have given a different verdict. To warrant a new trial in such cases, the evidence should be plainly insufficient to warrant the finding of the jury. And this restriction applies *a fortiori* to an appellate court." In the light of these decisions, and applying these principles to the evidence in the case before us, we do not think there was error in the judgment of the court below overruling the motion for a new trial, and the same is, therefore, affirmed, with costs and damages according to law to the appellee, and this opinion directed to be certified to the municipal court of Wheeling.

Haymond, President, and Moore, Judge, concurred.

Absent, Hoffman, Judge.

JUDGMENT AFFIRMED AND SUIT REMANDED.