# Charlestown.

## HUNTER v. SNYDER'S EX'R.

(Absent, GREEN, PRESIDENT).

Decided September 10, 1877.

1877.
August Term.

H. brought an action of debt in the circuit court of Jefferson county, against N. T. S. executor of J. S. deceased, on the 31st day of August 1874, to recover $1,000.00, due by note dated 31st day of August 1869, and payable at the date thereof, made by N. T. S's. testator, atthe date aforesaid and during his life to H. On the 7th day of September 1874, at rules in the clerk's office H. filed his declaration ; and a conditional judgment was taken against N. T. S. At the October rules thereafter the conditional judgment was confirmed in the clerk's office. Afterwards at a term of said court, and on the 12th day of November 1874, the parties by their attorneys appeared in court. N. T. S., defendant, without objection from the plaintiff, filed a plea of *non est factum*; and the plaintiff joined issue thereon ; and by consent of parties the cause was continued until the next term. The plea of *non est factum* filed is in the usual form, and is verified by the affidavit of the defendant. On the 3d day of April 1875, the plea of *non est factum* theretofore pleaded by the defendant was, on his motion, withdrawn ; and the defendant filed a plea of *nil debit*, without objection from the plaintiff; and the plaintiff replied generally thereto ; and issue was thereon joined. The defendant filed with his last named plea his affidavit to the effect, "that to the best of his knowledge and belief John Snyder never made and executed the note sued on in this cause ,as charged in the declaration." On the 10th day of November 1875, on motion of the defendant, the cause was continued by the court until the next term thereof. And afterwards, on the 12th day of April 1876, the parties appeared before the court, and without objection from the plaintiff or defendant, a jury was elected, tried and sworn the truth to speak upon the issue joined ; and afterwards, on the 17th day of

April 1876, the jury found for the plaintiff $1,217.50; and on the 27th day of April 1876, the court rendered judgment for the plaintiff upon the verdict of the jury for the amount thereof, with interest from the 17th day of April 1876, and the costs of suit, to be paid out of the personal estate of the testator, &c. The term of the circuit court, at which the defendant filed the said plea of *non est factum,* commenced on the 20th day of October 1874 ; and the 15th day of the term was the 5th of November thereafter ; and that plea was therefore filed seven days after the 15th day of said term of court. The plea of *nil debit* was not filed until the next regular term. The plaintiff did not file the affidavit, required and prescribed by the 46th section, of chapter 125, of the Code, on the 15th day of the term, or at any time afterwards. It was assigned as error in the final judgment, rendered by the court upon the verdict of the jury before the appellate court, that all the proceedings in court in the cause, after said 15th day of said term, were *coram non judice;* that the action was debt upon a promissory note, and the defendant made no appearance in the cause, until several days after the said 15th day of the term, when the office judgment became final under the 46th section of said chapter 125 of the Code of this State ; neither of the orders, showing the filing of said pleas by the defendant, states that the common order was set aside. HELD :

I. That there is no error in the final judgment, rendered by the court in the cause by which the defendant is prejudiced, or of which he can be heard to complain in the appellate court

II. That the 46th section, of said chapter 125, of the Code of this State, is materially different from the 44th section, of chapter 171 of the Code of Virginia of 1860, and that the decision of the Supreme Court of Appeals, in the case of *Enders ex'r* v. *Burch,* 15 Gratt. 64, and of this Court rendered in the case of *Lazzell* v. *Maple,* 1 W. Va. 43; and also *Alderson* v. *Gwinn,* 3 W. Va. 231, under and in construction of said 44th section, of chapter 171 of the Code of Virginia, do not apply to the said 46th section, of said chapter 125, of this State, by reason of the material difference in the provisions of said 46th section, of said chapter 125, and said 44th section, of said chapter 171 of said Code of 1860·

III. Forty-sixth section, of said chapter 125, construed so far as considered in this case. See opinion of the Court filed in this case.

IV. By defendant's first bill of exceptions it appears, that upon the trial of the case, the plaintiff introduced as evidence a note, alleged to have been executed by the defendant's

testator, which with the endorsements thereon is in these words and figures, to-wit:

"Borrowed and received of J. H. L. Hunter $1,000.00, with interest from date, for value received, and payable on demand.

"Given under my hand and seal this 31st day of August 1869.

JOHN SNYDER."

ENDORSEMENT—"By interest paid up to 1st of September 1872, $180.00          J. H. L. HUNTER."

"(Paper shown to witness, Dr. Wm. Hunter, and referred to by him in answer to ninth question in-chief.

CLEON MOORE, N. P.
"*May 6, 1875.*")

And that the plaintiff thereupon announced, that he rested his case ; then before defendant had introduced any evidence, the plaintiff by his counsel moved the court to require the defendant to amend his plea. That during the pendency of this motion, the defendant by his counsel demurred to the plaintiff's evidence *then* introduced, and asked the court to require the plaintiff to join in said demurrer ; whereupon the plaintiff's motion to require the defendant to amend his plea was denied by the court; and then the plaintiff by his counsel asked leave to introduce further evidence in support of his case upon the issue joined ; but the court refused to require the plaintiff to join issue in defendant's demurrer to the evidence, and permitted the plaintiff to introduce further testimony in support of his case ; to which rulings of the court the defendant excepted. HELD:

The court did not err in its said rulings.

V. By defendant's bill of exceptions No. 2, it appears, that on the trial of the issue in the case, the defendant in order to sustain his plea, offered to prove by witness, Hendricks, that the plaintiff, at a date subsequent to the date of the note in controversy, to-wit: in the year 1870, and since, had purchased large quantities of wheat from the defendant's testator, and had made payment of moneys to him, the said witness, as agent of the said testator; and at the time of such payments, no allusion was made by the plaintiff, or the said witness to the subject of indebtedness, and the plaintiff made no claim of any indebtedness of said testator to plaintiff; to the introduction of which evidence the plaintiff objected, and the court sustained the objection. HELD:

For reasons stated in the opinion of this Court filed in this cause that there is no error in said last named ruling.

This was a *supersedeas*, allowed upon the petition of the defendant belów, to a judgment of the circuit court of Jefferson county, rendered on the 27th day of April 1876, in an action of debt then pending in said court, in which J. H. L. Hunter was plaintiff, and Nelson T. Snyder, executor of John Snyder deceased, was defendant.

1877.
August Term.

Hunter
v.
Snyder's ex'r.

HAYMOND, JUDGE, who delivered the opinion of the Court, gives a sufficient statement of the case.

Hon. John Blair Hoge, Judge of the third judicial circuit, rendered the judgment below.

*Baylor & Wilson*, for defendant below and plaintiff in error :

All the proceedings in court were *coram non judice*, and void: *Enders, ex'r* v. *Burch*, 15 Gratt. 64; 3 W. Va. 23. But if these proceedings are to be considered, the court erred in refusing to allow the demurrer to evidence and in not compelling the plaintiff to join therein : Tidd's Pr. 866; *Taliafero* v. *Gatewood*, 6 Munf. 320; *Trout* v. *Va. & T. R. R. Co.*, 23 Gratt. 619 ; see also 2 Call 248 ; 2 Rand. 353 ; 6 Leigh 82. There was error in excluding testimony of witness Hendricks; 1 Starkie Ev. 78.

*Lucas & Beckwith*, for plaintiff below and defendant in error, referred to the following authorities :

*Alderson* v. *Gwinn*, 3 W. Va. 229 ; Code W. Va. 606, §6 ; Code Va. 1860, 714, §44 ; *Enders' ex'r* v. *Burch* 15 Gratt. 64; *Brown* v. *Johnson*, 13 Gratt. 644; *Taliafero* v. *Gatewood*, 6 Munf. 320; *Fairfax* v. *Lewis*, 11 Leigh 233; 23 Gratt. 619 ; *Campbell* v. *Linn*, 6 W. Va. 670 ; 1 Green. Ev. §§49, 52, 448 ; 1 Stark. Ev. p. 40* §§21, 22 ; 2 Stark. Ev. 380* ; 6 W. Va. 508, 514.

HAYMOND, JUDGE, delivered the opinion of the Court:

The plaintiff brought an action of debt in the circuit court of Jefferson county against the defendant, to re-

cover $1,000.00. The action was brought on the 31st day of August 1874, and is founded upon a promissory note, purporting to be made by the defendant's testator, on the 31st of August 1869 and during his life, to the plaintiff, as alleged in the declaration. On the 7th day of September 1874, at rules in the clerk's office of said court, the plaintiff filed his declaration; and a conditional judgment was taken against the defendant; and at the ensuing October rules the said conditional judgment was confirmed in said office. Afterwards at a term of the said court and on the 12th day of November 1874, the parties by their attorneys appeared in the court and the defendant, without objection from the plaintiff filed a plea of *non est factum* and issue was thereon joined, and by consent of parties the cause was continued by the court until the next term. The plea of *non est factum* filed is in the usual form, and is verified by the affidavit of the defendant. On the 3d day of April 1875, the plea of *non est factum*, heretofore pleaded by the defendant, was on his motion withdrawn, and the defendant filed a plea of *nil debit* without objection from the plaintiff; and the plaintiff replied generally thereto; and issue was thereon joined. The defendant filed with his last named plea his affidavit to the effect, "that to the best of his knowledge and belief, John Snyder never made and executed the note, sued on in this cause, as charged in the declaration." On the 10th day of November 1875, on motion of the defendant, the cause was continued by the court until the next term thereof at the defendant's cost. And afterwards, on the 12th day of April 1876, the parties again appeared before the court, and without objection from the plaintiff or defendant a jury was elected, tried and sworn the truth to speak upon the issue joined; and afterwards on the 17th day of April 1876, the jury found for the plaintiff $1,217.50, and on the 27th day of April 1876, the court rendered judgment for the plaintiff upon the verdict of the jury for the amount thereof, with interest from the 17th day of April 1876, and the costs

of suit to be paid out of the personal estate of the testator, &c. The term of the circuit court, at which the defendant filed the said plea of *non est factum*, it appears, commenced on the 20th day of October 1874, and the fifteenth day of the term was the 5th day of November thereafter, and the plea was therefore filed seven days after the fifteenth day of the term of the court. The first error assigned by the plaintiff in error, in the final judgment of the circuit court, in his brief filed in the cause, is that all the proceedings in court in this case, after the said fifteenth day of said term, were *coram non judice*; that the action was debt upon a promissory note, and the defendant made no appearance in the cause until several days after said fifteenth day of the term, when the office judgment became final, under the 46th section of said chapter 125 of the Code. This assignment of error will be considered, before either of the other errors assigned will be noticed. It will be seen by reference to the Code of Virginia of 1860, and sections 44 and 45 of chapter 171 thereof, that it is provided as follows: "Every judgment entered in the office in a case, wherein there is no order for an inquiry of damages, and every non-suit or dismission entered therein, shall, if not previously set aside, become a final judgment if the case be in the general or a circuit court, of the last day of the next term, or the fifteenth day thereof (which ever shall happen first), and if it be in a county or corporation court, of the last day of the next quarterly term, and have the same effect by way of lien or otherwise, as a judgment rendered in the court at such term. Every such judgment for any plaintiff shall be for the principal sum due, with interest thereon, from the time it became payable (or commenced bearing interest) till payment, unless it be in such action, as is mentioned in the 11th section of chapter 154, in which case it shall be according to that section.

If a defendant, against whom judgment is entered in the office, shall before it becomes final, appear and plead to

1877.
August Term.

Hunter
v.
Snyder's ex'r.

issue, it shall be set aside, unless an order for inquiry of damages has been executed; in which case it shall not be set aside without good cause. Any such issue may be tried at the same term, unless the defendant show good cause for a continuance." The 21st section of chapter 177 of the Code of Virginia of 1860, provides that: "Any court after the fiffteenth day of its term may make a general order allowing executions to issue on judgments and decrees after ten days from their date, although the term at which they are rendered be not ended. For special cause it may in any particular case, except the same from such order or allow an execution thereon at an earlier period." In the case of *Enders' ex'r* v. *Burch*, 15 Gratt. 64, the same question was raised before the supreme court of appeals of Virginia, under the provisions of said 44th section, and by that court decided, as is raised in the case at bar by said first assignment of error. And the supreme court of appeals of Virginia held in said case:

"1st. If the term of the circuit court last more than fifteen days, all office judgments, in which no writ of inquiry is ordered, became final judgments on the fifteenth day, and cannot afterwards be set aside by the court."

"2d. When a court authorizes executions to issue upon judgments, recovered during the term, the judgments become final from the time when executions may issue, and cannot afterwards be set aside by the court."

"3d. A court having set aside an office judgment and the execution, which had issued upon it after the fifteenth day of the term, and permitted the defendant to plead, the plaintiff may have a *supersedeas* from this order; and though that part of the judgment, setting aside the judgment, is interlocutory, the appellate court will reverse the whole order."

In this case on the fifteenth day of the term, the office judgment not having been set aside, final judgment was entered in court. After that day and during the same term, a general order was made, allowing executions to issue on judgment and decrees of that term after ten days

from their date. Afterwards during the ensuing month, an execution of *fieri facias* was issued upon the said judgment. The executions having been levied upon the property of the defendant, he appeared in court during the same term, and moved the court to set aside the office judgment, made final in the cause, as aforesaid, and to quash the execution issued thereon, and also to allow him to plead to the action upon the ground that he had legal defense to the action, and that the judgment was obtained against him by surprise. The court sustained the motion. In this case Judge Moncure at page 68 says: "Under these provisions of the Code the fifteenth day of a term of a circuit court, which consists of more than fifteen days, is in effect the last day of the term, as to cases on the office judgment docket, in which there is no order for an inquiry of damages, and in which the office judgment shall not have been set aside on or before that day, as if it were in fact the last day of the term. The court has no more power over it on a subsequent day of the term, than at a subsequent term ; and a motion to set aside would be just as much *coram non judice* in the one case as the other. It has all the properties of a final judgment, an execution may forthwith be issued upon it without any order of court, general or special, for that purpose. It can be corrected, set aside or reversed, only by proceedings in error in the same or a higher court. If the defendant has been taken by surprise, and has just ground for relief against the judgment, he can obtain it only in a court of equity." See also 3 W. Va. in the case of *Alderson* v. *Gwinn*, 229. The decision in the case in 3 W. Va. is based on the 44th section, chapter 171 of the Code of Virginia. But the Legislature of this State, by the Code which took effect on the 1st day of April 1869, made material changes in said 44th section which continued in force until the Code of this State took effect. The 46th and 47th sections of chapter 125 of the Code of this State are as follows :

"46. Every judgment entered in the office in a case,

*1877.
August Term.*

*Hunter
v.
Snyder's ex'r.*

1877.
August Term.

Hunter
v.
Snyder's ex'r.

wherein there is no order for an inquiry of damages, and every non-suit or dismission entered therein, shall, if not previously set aside, become a final judgment of the last day of the next term of the court, or the fifteenth day thereof (whichever shall happen first), and the same shall be entered up in court either during such term or after its adjournment, by the clerk, and in either case shall have the same effect, by way of lien or otherwise, as other judgments entered in the court during such term. But no such judgment shall be so entered up (except non-suits and dismissions) until the plaintiff, his agent or attorney, shall file in the cause his affidavit, stating that he verily believes there is due from the defendant to the plaintiff, upon the demand in controversy in the suit, including principal and interest, a sum certain, to be stated in the affidavit, after deducting all just credits, payments and sets-off to which the defendant is entitled. Such judgment shall be for the plaintiff for the amount so stated, with interest from the date of the judgment, and such other judgment or order may be rendered and made therein, as may be proper. If such affidavit be not made, or the action be one in which an order for an inquiry of damages has been entered, the plaintiff can only recover judgment upon proving his case. If the defendant has not appeared, and a jury be impanneled in any such action, their oath shall be that they will well and truly find the amount if any, which the plaintiff is entitled to recover in the action, and a true verdict render according to the evidence."

"47. If a defendant, against whom judgment is entered in the office, shall, before it becomes final, appear and plead to issue, it shall be set aside, unless an order for inquiry of damages has been executed, in which case it shall not be set aside without good cause. Any such issue may be tried at the same term, unless the defendant show good cause for a continuance."

It does not appear that the affidavit, required and prescribed by the 46th section, was ever filed or offered to

be filed in the case at bar. It is quite obvious, as it seems to me, that the office judgment cannot, under said 46th section, become a *final judgment* on the fifteenth day of the term, unless the affidavit required is filed.

Whether the office judgment becomes a final judgment on the fifteenth day of the term, is manifestly conditional and dependent upon the filing of the affidavit required. If the affidavit is not filed, then no judgment can be entered by the court during the term, or after its adjournment by the clerk. The affidavit fixes the amount of debt for which the judgment may be entered; and how is it possible for there to be a final judgment for a debt, without some amount or sum specified? The affidavit is clearly a pre-requisite to the office judgment becoming a final judgment. To the end that a proper and correct interpretation of said 46th section may be made, and the intent of the Legislature arrived at, it is proper, and I may add necessary, that all the provisions of the section should be considered together. The true meaning and contemplation of the section, it seems to me, is that it is left optional with the plaintiff, whether the office judgment shall become a "final" judgment on the fifteenth day of the term, or the last day of the term, whichever may happen first, if the defendant fails to appear in court and plead, or whether he will seek to recover judgment upon proof of his case. If he elects to file and does file the affidavit required by the 46th section, in proper time, then the office judgment becomes final; but if he does not file the affidavit required, and chooses to seek a recovery of judgment in the action upon proof of his case he may do so. I think the affidavit required may be filed during the term of the court or afterwards and judgment entered by the clerk at any time before the next regular term of the court. If the affidavit is filed during the term of the court then the final judgment may be entered up by the court; and if the affidavit be filed during the term of the court, and the final judgment be not entered in court before its adjournment, or the

affidavit be filed after the adjournment thereof and before the next regular term of the court, then the clerk of the court may enter the final judgment. The language of the act is, " and the same shall be entered up in court either during *such term,* or after its adjournment by the clerk " &c. From this language it seems to me that the " final" judgment cannot be " entered up in court " upon the affidavit required at any subsequent term, and for this reason among others it is but reasonable to infer, that the legislative intent was, that the required affidavit must be filed and the judgment entered by the clerk before the next ensuing regular term of the court. It may well be asked, why would the Legislature fix a limit upon the time, in which the final judgment may be " entered up in court" upon affidavit filed, and leave the time, in which the final judgment may be entered up by the clerk, without limit? Is there any sound reason that can be assigned for it? Suitors cannot in the nature of things know, when the court meets, whether it will sit fifteen days, or adjourn before the expiration of that time and for this reason, and for the further reason, that it often happens, that it is not convenient for the clerk to enter up all the office judgments on the last day of the term of court, and perform his other official duties, I conclude that the affidavit may be filed, and the final judgment entered up by the clerk after the expiration of the term. If no limit is fixed to the time in which the affidavit required may be filed and the final judgment entered up by the clerk, it might and doubtless would be productive of great mischief and injustice in many cases. If the required affidavit be not filed, and the final judgment entered up by the clerk before the next ensuing regular term of the court, or has not been entered up in court upon affidavit filed, then it seems to me, upon a fair and reasonable construction of the said section, that neither can properly be done afterwards. The plaintiff may recover judgment upon proving his case during the term but if he fails to

do so, and the required affidavit be not filed, and final judgment entered up in the court before its adjournment, or by the clerk within the time aforesaid after the adjournment of the court, then the cause should be put upon the docket of the court upon common order confirmed at the ensuing term, and the plaintiff can only recover judgment upon proving his case; but in such case at any time, before judgment is recovered by the plaintiff upon proof of his case, the defendant may appear and plead to issue in the cause, just as he is authorized to do, where the action is one, in which an order for an inquiry of damages has been entered. It is known to the legal profession, that prior to the adoption of said 46th section, it not unfrequently happened, that gross injustice was done debtors by office judgments becoming final under the 44th section of chapter 171 of the Code of 1860 of Virginia. Plaintiffs frequently thus obtained final judgments in debt against defendants for more, than they were justly entitled to, by failing to give the proper credits, &c. Often defendants were thus taken by surprise and wrong and injustice thereby done them, without an adequate remedy for relief in many cases. To guard against this, to some extent at least, the affidavit mentioned was required to be filed. Entertaining these views as to the proper construction of said 46th section, I am of opinion, that the decisions in 15 Gratt. and 3 W., Va. before cited, are not applicable to and ought not to govern us in the construction of said 46th section. In the case at bar it was competent for the plaintiff, to have objected to the filing of the defendants' plea of *non est factum*, at the time it was offered and filed in the cause, because he then still had the right, if he desired so to do, to file and might then have filed, the said required affidavit, and had final judgment entered up, either in court during that term, or after the adjournment thereof by the clerk; but that right it was competent for him to waive, and seek a recovery upon proof of his case. Plaintiff might also have objected to the filing of the plea on the ground, that

a plea of *non est factum* was not a proper plea in the cause, or he might have demurred thereto ; but he did not do either.   He choose to join issue upon the plea.   By this voluntary action of the plaintiff, unexplained, it must be taken, that he did not intend to file the said required affidavit in the cause, but elected to seek a recovery therein upon proof of his case.   Furthermore I think it is competent and proper for the court, at any time after the fifteenth day of the term, if the required affidavit has not been filed, and the plaintiff has not recovered judgment upon proof of his case, and the defendant appears and tenders an issuable plea to the action during such term, to cause to be entered of record the tender of such plea; and if the plaintiff during such term attempts to recover judgment before the court in the action upon proof of his case, the court should refuse to permit him to further proceed to recover judgment upon proof, unless he consents, that the office judgment had in the cause shall be set aside, and such plea be filed, unless it shall appear to the court, that there is good reason why the plea should not be filed, other than the condition of the cause and the time at which it was tendered.   Unless this course is adopted, it is in the power of plaintiff in almost every case to defeat the object of the law by recovering judgment upon proof, without filing the required affidavit, and also without allowing the defendant the privilege of defense, where the judgment is sought upon proof of the case.

In the case at bar the plaintiff failed to file, or offer to file, the said required affidavit in the cause, during the term or at any time thereafter.   But at the next ensuing regular term of the court, and on the 3d day of April 1875, the cause was on the docket, and the plea of *non est factum* was properly withdrawn, and the defendant without objection from the plaintiff pleaded *nil debit,* and the plaintiff then and there replied generally to the plea, and issue was thereon joined.   It is true, that no entry appears upon the record to the effect, that the office judg-

ment was set aside. The plaintiff in error cannot be prejudiced under any circustances by this omission. And I think that it may properly be said, that the plaintiff did in fact recover judgment upon proof of his case, although the defendant filed a plea contesting the existence of the debt. If it were irregular to permit the defendant to file his plea and make defense, he was not prejudiced thereby, and cannot be heard to complain in this case. Perhaps the omission to enter of record the setting aside the office judgment is cured by the statute of jeofails; but whether or not that is so, it is immaterial to inquire, as the plaintiff in error is not prejudiced thereby. The first error assigned by plaintiff in error for the foregoing reasons is not well grounded, and is overruled.

*Plaintiff's first assignment of error in his petition and second in the brief of his counsel :*

This assignment is that the "court erred in refusing to compel the plaintiff to join in the defendant's demurrer." It appears by the plaintiff's first bill of exceptions, that the plaintiff, to maintain the issue on his part. gave in evidence to the jury a note, claimed to have been executed by the defendant's testator, which with the endorsement thereon is as follows:

" Borrowed and received of J. H. L. Hunter, one thousand dollars, ($1000.00) for value received, with interest from date and payable on demand."

" Given under my hand and seal this 31st day of August 1869.

[Stamp 50 cents]. JOHN SNYDER."

ENDORSEMENT THEREON :—" By interest paid up to 1st September 1872, $180.00.—J. H. L. HUNTER.

" (Paper shown to witness, Dr. William Hunter, and referred to by him in answer to fourth question in chief.)

"CLEON MOORE, *N. P.*,
" *May* 6, 1875."

And that thereupon plaintiff rested his case, and then before the defendant had introduced any evidence the plaintiff, by his counsel, moved the court to require the

defendant to amend his plea. During the pendency of this motion the defendant, by his counsel, demurred to the plaintiff's evidence then introduced, and asked the court to require the defendant to join in said demurrer; whereupon the plaintiff's motion, to require the defendant to amend his plea, was denied by the court; and then the plaintiff by his counsel asked leave to introduce further evidence in support of his case upon the issue joined, but the court refused to require the plaintiff to join issue in defendant's demurrer, and permitted the plaintiff to introduce further testimony of his case; to which two rulings of the court: 1st. In not compelling the plaintiff to join in the defendant's demurrer to the evidence; and, secondly, in permitting the plaintiff after he had rested his case, and the defendant had demurred to the evidence, to introduce other and additional evidence, the defendant by his counsel excepted," &c. In the case of *McDowell's ex'r* v. *Crawford*, in 11 Gratt., Judge Moncure in his opinion, says: "Although the practice of our courts has been liberal in allowing parties, after their evidence is closed, to recall witnesses for the purpose of supplying facts, omitted from inadvertance; and although I think such permission should be given, whenever there is no ground to suspect improper practice, the object being to elicit truth, and secure the attainment of justice, yet I am aware that the Judge, before whom a case is tried, must necessarily have large room for discretion on this subject, and I think an appellate court should seldom interfere with its exercise." These remarks of Judge Moncure seem to be reasonable. The additional evidence admitted by the court to be introduced by the plaintiff, or its character, or the ground upon which it was admitted, are not stated in the bill of exceptions; and this being so, this court will presume in this case, that the evidence was relevant to the issue joined, and that the reason or grounds, upon which it was admitted, were sufficient to authorize the court to admit it. In fact there is no pretence that said addi-

1877.
August Term.

Hunter
v.
Snyder's ex'r.

tional evidence was not relevant or material. The defendant did not demur, after the additional evidence was given to the jury, or offer to do so. It appears that at the time the defendant demurred, there was a motion of the plaintiff pending before the court, to require the defendant to amend his plea; and so soon as the court overruled said motion, the plaintiff asked the court for permission to introduce the additional evidence; and thereupon the court being of opinion that it was proper under the circumstances to permit the additional evidence, overruled the defendant's motion, to require the plaintiff to join in the demurrer of the defendant to the plaintiff's evidence "then introduced," but permitted the plaintiff to introduce further testimony. It seems to me, upon authority and upon reason and principle, that it does not affirmatively appear from the record, that the court erred in refusing, under the facts and circumstances stated in the bill of exceptions, to require the plaintiff to join in the defendant's demurrer to the evidence, given to the jury at the time the defendant demurred. It would be singular indeed, if the rulings of the court in that respect, under the circumstances, were erroneous. See case of *Fairfax's adm'r* v. *Lewis*, 11 Leigh 232, and the opinion of Judges Stanard and Tucker therein; also opinion of Judge Roane, who delivered the opinion of the court in *Taliaferro* v. *Gatewood*, 6 Munf. 321, 322, 323; also *Howell* v. *The Commonwealth*, 5 Gratt. 664, and *Livingston* v. *The Commonwealth*, 7 Gratt. 658, where the plaintiff gives evidence to the jury, and says he rests his case, and the defendant tenders a demurrer to the evidence then given to the jury, the court may, in the exercise of a sound discretion, permit the plaintiff to give additional relevant evidence to the jury, where it is satisfied that the failure to introduce it was owing to mere inadvertence of counsel or other sufficient cause, and refuse to compel the plaintiff to join in the demurrer to the evidence given to the jury before the additional evidence was ad-

mitted. In the case at bar, the plaintiff had omitted to prove the execution, by the testator, of the promissory note given in evidence, or to give to the jury any evidence tending to prove that fact, before he announced that he rested his case; and it is not difficult to see that the defendant, in that state, of the evidence, sought to avail himself of the benefit of that omission by his demurrer. But perhaps, as this note was given in evidence to the jury without objection from the plaintiff, if the plaintiff had joined in the demurrer to the evidence before the jury, at the time the demurrer was tendered or announced, the omission would not have availed him or benefited him in considering the demurrer to the evidence; but I do not decide that question, as it was not made by either party to the cause, and because I regard it as unnecessary and immaterial under the view I have taken, and already expressed in this case. The court however for cause deemed sufficient by it, admitted additional evidence on the part of the plaintiff, and refused to require the plaintiff to join in the demurrer to the evidence, given to the jury before the additional evidence was admitted. I do not feel authorized to declare, that the circuit court erred, in refusing to compel plaintiff to join in said demurrer.

The second error assigned in the petition is: "The court erred in permitting the plaintiff to introduce other and additional evidence, after the defendant had demurred to plaintiff's evidence."

This assignment of error is not well taken, for the reasons stated in considering the last preceding assignment of error.

The third error assigned in the petition is: "The court erred in refusing to permit defendant to introduce the evidence of witness Hendricks, as appears by Bill of Exceptions No. 2."

It appears by the defendant's Bill of Exceptions No. 2, that the defendant in support of his plea, "offered to prove by witness Hendricks, that the plaintiff at a date

subsequent to the date of the note in controversy, to-wit in the year 1870, and since, had purchased large quantities of wheat from the defendant's testator, and had made payment of money to, him the said witness, as the agent of said debtor, and at the time ot such payments no allusion was made by the plaintiff or the said witness to the subject of indebtedness, and the plaintiff made no claim of any indebtedness of said testator. To the introducing of said evidence the plaintiff objected, and the court sustained said objection; to which ruling of the court in sustaining said objection, and excluding said evidence, the defendant excepted," &c. The defendant filed but the one plea, *nil debit*, and does not appear to have filed with his plea an account of any payment or set off, which he would rely on at the trial. Section 4 of chapter 126 of the Code of this State. And I do not understand that the evidence was offered for the purpose of proving any specific payment upon, or set off against the debt, in the declaration mentioned. That could not be done, in the absence of the account required by the statute in such case, if objected to. I understand however, that the evidence was offered with the view, that the jury might infer therefrom, that the debt in the declaration mentioned had no existence, or had been satisfied prior to the alleged purchase of the wheat from, and payments made to, the witness as agent of the defendant's testator, simply because at the time said payments were made, no allusion was made by the plaintiff or the said witness to the subject of indebtedness, and the plaintiff made no claim of indebtedness of said testator to the plaintiff. This evidence, I think, tends to prove facts too remote from the question at issue to be admissible as evidence, and affords no reasonable inference as to the principal matter in dispute in this case. The time when said conversation occurred, was too recent after the note in suit was due, to authorize any presumption, from the lapse of time, and the circumstances and facts offered to

be proved that the debt had been paid or settled. *Wells* v. *Washington's adm'r* 6 Munf. 532; *Tomlinson's adm'r* v. *How's adm'r*, Gilm. 8; *Hunt* v. *Bridghan*, 2 Pick.; *Jackson* v. *Pierce*, 10 Johns. 414, referred to in 1 Rob. (new) Pr. 461. The evidence would, if admitted, tend to mislead and confuse the jury instead of aiding them in arriving at the truth upon the issue; and the adverse party having had no notice of such a course of evidence, and no reason to anticipate it, is not expected to be prepared to rebut it. 1 Greenl. on Evidence, §§49, 52 and 448; 1 Starkie on Ev., with references by Metcalf, §22, page 39; *Campbell* v. *Lynn & Co.* 7 W. Va. 665. The evidence so offered does not appear to have been offered in connection with any other fact proven, or intended to be proven, or in connection with other evidence tending to prove another fact, or other facts bearing on the issue, which might make the offered evidence material and proper. 2 Starkie, pages 379, 380, side pages 380, 381. For the foregoing reasons and the authorities cited, the third assignment of error is not well taken, and is overruled. The fourth assignment of error in the petition is not well taken, and is overruled for reasons before stated.

For the foregoing reasons I see no error in the judgment of the circuit court of the county of Jefferson, rendered in the case on the 27th day of April 1876. The said judgment is therefore affirmed, with costs to the defendants in error, against the plaintiffs in error, and damages according to law.

JUDGMENT AFFIRMED.