# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SCHONBERGER V. COMMONWEALTH.

### JANUARY 30th, 1890.

1. CRIMINAL PRACTICE—*Continuance—Case at bar.*—Where, on motion of accused, there had been repeated continuances, and he moves for further continuance on the ground of the absence of an unsummoned witness, the materiality of whose testimony was not sworn to, though accused stated what he expected to prove by the witness, and that his absence was due to the recent death of his wife : *held,* not error to overrule the motion.

2. IDEM—*Re-opening—Case at bar.*—But where, after the close of the evidence and the opening argument of prosecuting attorney, the witness appears and gives a sufficient excuse for his previous absence, and accused offers to prove by him facts that would bar the prosecution: *held,* error to refuse to receive the testimony.

Error to judgment of hustings court of city of Richmond, rendered November 25, 1889, by which the plaintiff in error, Louis Schonberger, was sentenced to imprisonment in the penitentiary for the term of five years, in accordance with the verdict of the jury.   Opinion states the case.

*W. W. Cosby* and *R. L. Montague,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

Louis Schonberger was indicted in the hustings court of the city of Richmond, on the 17th day of July, 1889, for, within

twelve months previous to that date, unlawfully and feloniously seducing and having illicit connection with one Drucilla McDonough, an unmarried female of previous chaste character, under the promise of marriage. The case was continued from day to day and term to term (upon the motion of the accused, in every instance but one, when it was continued for the commonwealth because of the sickness of the prosecutrix), until the 19th day of November, 1889, when the accused on that day moved the court to continue his case on the ground that Simon Hayes, a witness whom he had not had summoned, but who had promised to attend and testify in his behalf, was prevented from attending by the sudden death of his wife that morning; and that said witness, Hayes, would testify to the fact that, five years before this prosecution was begun, he had seen the accused and the said Drucilla McDonough, the prosecutrix, having carnal connection with each other; but the court overruled the said motion, and the accused excepted. The trial was begun, and during that day the evidence was taken, and the case was opened by the commonwealth's attorney for the state, when the case was adjourned over until the next morning. Upon the opening of the court next morning, the said Simon Hayes came into court, and, before any further argument was heard, the accused stated to the court that said Simon Hayes was present, and that he had been prevented from attending the day before by the sudden and unexpected death of his wife on the morning of the day before; and the accused moved the court to allow the said Simon Hayes to testify at that time, and to allow his testimony to be considered by the jury—stating to the court at the time of the said motion that the said proffered witness, Hayes, would testify that, five years before this prosecution was begun, he had seen the accused and the said prosecutrix, Drucilla McDonough, having carnal connection with each other. Which said motion the court overruled, and the accused excepted.

There are no facts certified, and no evidence is certified in the record. The case is presented for review by the two bills of exception taken by the accused as aforesaid.

We are of opinion that the court did not err in overruling the motion for a continuance, as set forth in the first bill of exceptions. The record shows that the trial of the case had been continued from term to term, from July to October, upon the repeated motions of the accused; that the witness (Hayes) had never been summoned, and that the accused did not support the motion for a continuance at the November term by affidavit to the materiality and indispensibility of Hayes, though he did state what he expected to prove by Hayes' testimony. The court exercised only a sound discretion in denying the motion for a further continuance when the accused had not brought himself within the rule of due diligence. · The error assigned upon the facts set forth in the second bill of exceptions is well taken. The evidence proffered by the witness (Hayes) would, if believed by the jury, have established the fact that the seduction took place five years before the prosecution was begun, and that it was barred by the statute (sec. 3679, Code of Virginia, 1887); and when the witness (Hayes) came into court the next morning and stated the all-sufficient reason why he could not be present in court the day before; and when the opening argument for the commonwealth only had been made, and the case not submitted to the jury, the motion of the accused to allow the testimony to be then heard and considered by the jury, ought to have been granted, and the court erred in refusing it. The nature of the prosecution, and the peculiar circumstance which .had necessitated the absence of the witness the day before, and justice to the accused, required that he should have been allowed the benefit of the proffered testimony, for what it may have been worth in the estimate of the jury.

Judge Burks, in the case of *George* v. *Pilcher*, 28 Gratt.,

310, says: "On trials before a jury, when the evidence has been closed on both sides and the argument of the case has commenced, as a general rule no further evidence should be received from either party; but the judge presiding at the trial, in the exercise of a sound discretion, may relax the rule, under peculiar circumstances, and receive additional evidence, if the nature of the case and the ends of justice require it."

In the case of *McDowell's Executors* v. *Crawford*, 11 Gratt., this court decided that, under the circumstances of that case, it was error for the trial judge to refuse to allow the appellants to recall one of their witnesses after the evidence had closed and the argument begun.

In *Livingston's case*, 7 Gratt., all the evidence had been closed, and the arguments all concluded, and the case had been submitted to the jury, and the jury had retired to consider of their verdict, and, not being able to agree upon a verdict on the first day, they were brought into court and adjourned over in the usual way until the next day, when the counsel for the prisoner asked the court to give a certain instruction; instead of giving which the court allowed the commonwealth, upon her motion, to recall a witness who supplied a defect in the commonwealth's evidence; and upon the review of the case, the general court said: "Whilst we have no hesitation in saying that, as a general rule, after a cause has been submitted to a jury it is improper to introduce new testimony or to examine new witnesses, there can be no doubt of the propriety, for good cause shown, of admitting new testimony or the examination of new witnesses. When the circumstances of the case make it necessary and proper to do so, the court ought to permit either party to introduce new witnesses and new testimony." See *Fleet and Semple* v. *Nolen Kemp*, 13 B. Monroe; *Taylor,* v. *Shemwell*, 4 B. Monroe; 11 West Va., 213; *Armistead's case*, 7 Gratt; *Taylor* v. *Commonwealth*, 77 Va. (2 Hansbrough), 692.

The judgment of this court is to reverse and annul the judgment of the hustings court of the city of Richmond, to set aside the verdict of the jury, and to remand the case for a new trial.

JUDGMENT REVERSED.