# CHARLESTON.

BURNS BROS. *et al. v.* MORRISON.

Submitted January 27, 1892.—Decided April 9, 1892.

1. ANSWER — BURDEN OF PROOF — DECLARATION — DETINUE—EVIDENCE—PLEADING—POSSESSION—PRACTICE.

   In an action of detinue it is necssary for the plaintiff to aver and prove, that he has adequate title to the property with present right of possession in himself; and, *secondly*, actual possession thereof by the defendant anterior to the bringing of the suit. In his defence the defendant may prove a want of sufficient title to the property in the plaintiff, or he may prove a want of possession in himself. If the plaintiff have proved an anterior possession in the defendant, the burden is shifted, and it devolves upon the latter to prove that he has been legally dispossessed.

2. DETINUE—EVIDENCE—POSSESSION.

   Where the defendant, having introduced an agreement, from which it appeared that the owner of certain property in controversy had sold the same to him, it was entirely proper to permit him to testify by parol, and against the objection of the plaintiffs, that the said property had never come into his actual possession.

3. DETINUE—EVIDENCE—PRACTICE.

   After the taking of the testimony in the case, the defendant demurred to the evidence, and the plaintiffs joined therein, and immediately after such joinder the defendant asked leave to withdraw his said demurrer, to which the plaintiffs objected; but the Court overruled the objection, and allowed the demurrer to be withdrawn. *Held*, this Court allows to the courts below a wide latitude of discretion in all such matters of practice arising during the trial of the case below, and, in general, will not review such discretionary action, unless the same has been exercised in a manner plainly arbitrary, or otherwise obviously improper.

*W. E. Haymond* for plaintiffs in error.

*Brown, Jackson & Knight* for defendant in error cited 1 Wash. 308; 4 Min. Inst. p't 1, 485; 6 Leigh 42; 3 Rob. Prac. (2nd Ed.) 470; 2 Rand. 353; 23 Gratt. 619; 6 Munf. 320; 11 Leigh 233; 29 W. Va. 536; 28 W. Va. 538; 10 W. Va. 115.

LUCAS, PRESIDENT:

This was an action of detinue brought by the plaintiffs below against the defendant for the purpose of recovering some saw-logs, amounting in value, as declared upon, to the sum of nine hundred dollars in all. The case was submitted to a jury, who found for the defendant a verdict in the following words: "We, the jury, find that the defendant had no possession of the property mentioned in the declaration prior to the institution of this suit." Upon this verdict judgment was given for the defendant.

The plaintiffs moved the court to set aside the verdict, and grant them a new trial, assigning as grounds for that motion an error committed by the court in admitting certain evidence of the defendant; and, *secondly*, in allowing the defendant, after he had demurred to the plaintiffs evidence, to withdraw the demurrer.

The defendant, to sustain the issue on his part, gave in evidence an agreement in writing between one T. M. Belknap and L. M. Hall of the first part and himself of the second, conveying to him a number of logs in Webster county, supposed to be from eight hundred to one thousand in number. After the introduction of this paper the defendant, who was a witness in his own behalf, was asked by his counsel to state to the jury whether he had had posssession of the timber in the said writing mentioned, and defendant answered that he had not had possession of the said timber prior to the institution of this suit. To this question and answer the plaintiffs objected, but the court overruled the objection and permitted the same to go to the jury; and this action of the court is the subject of the first assignment of error by the plaintiffs below, who are prosecuting this appeal.

In an action of detinue there are several things which it is necessary for the plaintiff to aver and prove: *First*, he must prove property in himself; and, *secondly*, actual possession thereof by the defendant anterior to the bringing of the suit. *Burnley* v. *Lambert*, 1 Wash. (Va.) 308. In his defence the defendant may prove a want of title to the property in the plaintiff, or he may prove a want of possession in himself. If the plaintiff has proved an anterior

possession in the defendant, the burden is shifted, and it devolves upon the defendant to prove that he has been legally dispossessed.

In this case it appears that the defendant introduced an article of agreement respecting certain logs sold to himself, and we may perhaps presume, as against him, that they were the logs in controversy, although there is nothing further in the record tending to establish this fact. The obvious purpose of this evidence was directed to the first branch of the plaintiffs' case, and it was intended to show that the plaintiffs had no title to the logs in controversy. The parol testimony of the defendant, that said logs had never come into his actual possession prior to the institution of this suit, was directed against the second position of the plaintiffs, viz., that the defendant had actual possession of the logs and was detaining them unlawfully and against the right of the plaintiffs. The parol evidence thus admitted was entirely proper, and there was no error in its admission.

The plaintiffs in error seem to have thought that it was only necessary to prove constructive possession on the part of the defendant, overlooking the fact that constructive possession accompanies the title; and if the defendant, by the written agreement which he introduced, had proved himself in constructive possession of the logs in controversy, he would have proved that the plaintiffs had no title and thus have defeated their action. There was no inconsistency on the part of defendant in submitting proof—*First*, that the title to the logs was in himself; and, *secondly*, that they had never yet come into his actual possession. These positions were entirely consistent, and sufficient and satisfactory proof of either would defeat the action of the plaintiffs. *Staton* v. *Pittsman*, 11 Gratt 99 ; 5 Am. & Eng. Enc. Law, art. "Detinue," pp. 652, 653.

The second assignment is, that after the taking of the testimony in the case the defendant demurred to the evidence, and the plaintiffs joined therein, and immediately after such joinder the defendant asked leave to withdraw his said demurrer, to which the plaintiffs objected; but the court overruled the objection, and allowed the demurrer to be withdrawn.

In the case of *Hunter* v. *Snyder's Ex'rs*, 11 W. Va. 198, the plaintiff after having given in his testimony and rested his case moved the court to require the defendant to amend his plea. During the pendency of this motion the defendant demurred to the plaintiff's evidence and asked the court to require the plaintiff to join in said demurrer; whereupon the plaintiff's motion to require the defendant to amend his plea was denied by the court; and then the plaintiff asked leave to introduce further evidence, which the court permitted him to do and refused to compel him to join in the defendant's demurrer; to which action of the court— *First*, in not compelling the plaintiff to join in the defendant's demurrer to the evidence; and, *secondly*, in permitting the plaintiff, after he had rested his case and the defendant had demurred to the evidence, to introduce other and additional evidence—the defendant excepted.

In passing upon the case this Court reviewed many of the Virginia authorities, and came to the following conclusion: "Where the plaintiff gives evidence to the jury, and says he rests his case, and the defendant tenders a demurrer to the evidence then given to the jury, the court may, in the exercise of a sound discretion, permit the plaintiff to give additional relevant evidence to the jury, where it is satisfied that the failure to introduce it was owing to mere inadvertence of counsel, or other sufficient cause, and refuse to compel the plaintiff to join in the demurrer to the evidence given to the jury before the additional evidence was admitted." *Hunter* v. *Snyder's Ex'rs*, 11 W. Va. 213; *Fairfax's Adm'r* v. *Lewis*, 11 Leigh, 233; *Taliaferro* v. *Gatewood*, 6 Munf. 321–323; *Howel* v. *Com.*, 5 Gratt. 664; *Livingston* v. *Com.*, 7 Gratt. 658.

This Court allows to the court below a latitude of discretion in all matters of practice such as that we are now considering, and will not review such discretionary action unless the same has been exercised in a manner plainly arbitrary or otherwise obviously improper. *Travis* v. *Insurance Co.*, 28 W. Va. 583. All the presumptions are in favor of the correctness of the action of the court below. *Shrewsbury* v. *Miller*, 10 W. Va. 215; *Tully* v. *Despard*, 31 W. Va. 370 (6 S. E. Rep. 927).

In regard to the motion for a new trial, neither the evidence nor the facts proved are certified to this Court, and hence we can not review the action of the Circuit Court, except upon the points already discussed, and in such action we find no error, and the judgment below must be affirmed.

AFFIRMED.