# Richmond.

NORFOLK & WESTERN RAILWAY COMPANY v. COFFEY.

December 7, 1905.

1. PLEADING—*Filing Pleas in Vacation—Notice to Counsel—Irregularities.*—After a case has been matured at rules and docketed, the court may permit additional pleas to be filed in term, but there is no statutory authority for permitting such pleadings to be filed in vacation. Such permission, however, is frequently granted by the trial courts and the practice is unobjectionable under proper limitations. Opposing counsel should always be given notice of the application to file such pleas and an opportunity to resist it, or else to procure supplemental leave to file other pleadings and make up the issue. At the succeeding term the court may correct any irregularities which have occurred.

2. PLEADING—*Failure to Reply—Rule—Non-Suit.*—If a plaintiff fails to reply to a plea within the time prescribed by law, or order of court, the defendant should apply for a rule to compel him to do so, or in default thereof to suffer a non-suit.

3. DEMURRER TO EVIDENCE—*No Issue—Surprise—Setting Aside the Demurrer—Control of Court.*—If, upon the argument of a demurrer to the evidence by a defendant, after the jury have rendered a conditional verdict, it is discovered for the first time that the plaintiff, by mistake, has failed to reply to one of the defendant's pleas setting up a material defense, and the court and the plaintiff are taken by surprise, it is the duty of the court of its own motion—the whole matter being *in fieri*,—to set aside the demurrer to the evidence and the award of damages thereon, and to cause the issue to be made up on such plea, and order a new trial of the case.

4. JEOFAILS—*Want of Issue Not Cured.*—In an action at law, the statute of jeofails does not cure the *non-joinder*, or want of issue altogether, and no verdict or judgment can properly be rendered therein.

5. MASTER AND SERVANT—*Negligence—Safe Place—Case at Bar.*—Upon the merits of the case, independently of the defense of the statute of limitations, which was withdrawn, it is held that the plaintiff in

error was guilty of actionable negligence in failing to use ordinary care to keep its rock quarry in which the defendant in error was employed as laborer, in a reasonably safe condition, which negligence was the proximate and efficient cause of the injury complained of; and that this unsafe condition was not attributable to the work which was being done in the quarry, nor was the charge of contributory negligence on the part of the defendant in error sustained by the evidence.

Error to a judgment of the Circuit Court of Rockbridge county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

This was an action of trespass on the case to recover damages for an injury inflicted on the plaintiff while working as a laborer in a rock quarry of the defendant. It appears that the plaintiff, L. B. Coffey, who was a minor, was employed as a day laborer to work in defendant's rock quarry at Corwall, in Rockbridge county, Va. When we went to work in the quarry, he had had but little, if any, experience in such business. After he had been at work about three months, a stone, which had been loosened by alternate freezing and thawing, fell out of the side of the clift above the quarry, struck a rock and, glancing, hit him on the head, knocking him senseless and producing the injury complained of. Dangers of this nature had been observed by other quarry-men, who were men of experience in that kind of business, several days prior to the accident, and they had warned the foreman of it. The dangerous condition of the quarry could have been remedied, and the place rendered reasonably safe, by sending men up on the clift with ropes and picks and having the loose rock "clawed down." One quarry-man had been struck by a falling rock a short while before the accident now under investigation, and had reported it to the

foreman, and requested him to "claw down" the side of the clift above, but he delayed doing so until after the happening of the accident complained of. The plaintiff, owing to his inexperience, was ignorant of this dangerous condition, and did not know of the dangers to be encountered from the alternate freezing and thawing. Experienced workmen, however, did know of such dangers. In order to have rendered the quarry reasonably safe, this "clawing down" should have been done at least once a week, but was not done at all. The loosening of the rock was not the result of blasting or other work done in the quarry, but of the alternate thawing and freezing above mentioned.

*E. Morgan Pendleton, Joseph I. Doran* and *Marshall McCormick,* for the plaintiff in error.

*Greenlee D. Letcher,* for the defendant in error.

WHITTEL, J., delivered the opinon of the court.

The object of this action is to recover damages for personal injuries sustained by the defendant in error while at work as a laborer in the quarry of the plaintiff in error. A brief outline of the proceedings in the case is essential to an intelligent apprehension of the questions presented for decision.

After issue joined upon the plea of not guilty, the defendant obtained leave of the court to file pleas of the statute of limitations within fifteen days from the date of the order; and liberty was also granted the plaintiff to reply generally or specially to said pleas. Accordingly, the defendant, within the time prescribed by the order and during the vacation of the court, filed with the clerk two pleas of the statute of limitations, but no issue was taken upon them

by the plaintiff. At a subsequent term, a jury was empaneled to try the issue joined; and, at the conclusion of the testimony, the defendant demurred to the evidence, in which demurrer the plaintiff joined. Whereupon the jury assessed the plaintiff's damages at $2,000, subject to the opinion of the court on the demurrer to the evidence. During the progress of the trial the defendant introduced evidence tending to prove that more than twelve months had elapsed between the date at which the plaintiff attained his majority and the institution of the action; and upon the argument of the demurrer to the evidence it was insisted that the right of action was, therefore, barred by the statute of limitations. To repel that contention, counsel for the plaintiff presented an affidavit to the effect that he was ill at the time the defendant obtained permission to file the pleas in question, and knew nothing of the entry of the order or the filing of the pleas; that no record was made of the fact of such filing, either in the clerk's office or at the succeeding term of the court; that no rule was asked or awarded against the plaintiff, requiring him to reply to the pleas; and that no issue was ever joined upon them; that the existence of the pleas and the fact that the statute of limitations was relied on by the defendant, were for the first time made known to counsel on the argument of the demurrer to the evidence and operated a complete surprise; that the plaintiff was full-handed with proof to meet that defense, but had adduced no evidence on the subject, not conceiving the matter to be in issue upon the pleadings. Counsel also tendered replications to the pleas, and furthermore agreed that if the defendant would consent to file rejoinders to said replications, the verdict of the jury might be set aside, and the issue thus made submitted either

in the court or jury for trial. But the defendant declined to accede to said proposal; and, thereupon, the court, disregarding the pleas, proceeded to overrule the demurrer to the evidence, and rendered judgment for the plaintiff.

It is alleged in support of that ruling, that the Court was without authority to permit the pleas to be filed in the first instance; and, in order to validate the proceeding, it was essential that the vacation filing should have been ratified, or at least recognized, by an order at the succeeding term.

It is true that after a case has been matured for trial at rules, and docketed, while the court has ample power to allow additional pleadings to be filed during the term, there is no statutory sanction for permitting such pleadings to be filed in vacation. Nevertheless, in conformity with a rule of practice which obtains throughout the State, such power is freely exercised by the trial courts in the practical administration of justice. Subject to proper limitation, the practice is not only unobjectionable, but tends to prevent surprise, and facilitates the preparation of cases for trial. Opposing counsel, however, ought always to be given notice of such application and opportunity to resist it; or else, if desired, to procure supplemental leave to file other pleadings and make up the issue. The court, at the next term, by analogy to the statutory control which it may exercise over all proceedings in the clerk's office during the preceding vacation (Va. Code, 1904, §3293), exerts similar supervisory control over vacation proceedings done by leave of court, to correct irregularities and prevent abuses. Thus guarded, the practice is salutary and ought not to be disturbed.

Where a plaintiff fails to reply to a plea within the time prescribed by law, or order of the court, the correct practice is for the defendant to apply for a rule to compel him to do so, or in default thereof to suffer a judgment of *non prosequitur.* 18 Ency. of Pl. & Pr., 650.

That judgment is appropriate where the plaintiff, after appearance and before final judgment, fails to prosecute his action by neglecting to file his pleadings in due course.    4 Min. Inst. (3rd Ed.) Pt. I, p. 957; St. Pl. 136.

If that practice had been pursued by the defendant in the present instance, no doubt issue would have been joined on the pleas of the statute of limitations, and the dilemma which subsequently confronted the court would have been avoided.

It is, however, apparent that both court and counsel were taken by surprise at the reliance of the defendant on the statute of limitations; and it would have been manifestly improper, under the circumstances, to have sustained that defense.    When attention was called to the matter, the whole proceeding upon the demurrer to the evidence was *in fieri,* and under the control of the court; and it appearing that by mistake the pleadings were in such condition that the merits of the case, upon a material ground of defense, could not be decided, the court ought, of its own motion, to have set aside the demurrer to the evidence and the award of damages thereon, and, having caused the issue to be made up on the pleas of the statute of limitations, ordered a new trial of the case.    *Taliaferro* v. *Gatewood,* 6 Munf. 320; *Fairfax* v. *Lewis,* 11 Leigh 233; *Ins. Co.* v. *Wilson,* 29 W. Va., 528, 2 S. E. 888.

In an *action at law,* the statute of jeofails does not cure the *non joinder* or want of issue altogether, and no verdict or judgment can properly be rendered therein.    The authorities on the subject will be found in a note to *Rowans* v. *Givens,* 10 Gratt. (Va. Rep. Anno.) 249.

Other grounds of error have been pressed, but inasmuch as for the reasons assigned, the judgment must be reversed and a new trial had, upon which the evidence may not be the same, it would not be proper to express any opinion in regard to them.

The judgment is reversed and the case remanded for further proceedings to be had therein not in conflict with this opinion.

By the Court (on rehearing).

Upon the petitions of both the plaintiff in error and defendant in error to rehear the judgment of this court, rendered in this case on the 26th day of September, 1905, at its place of session in the city of Staunton, reversing the judgment of the Circuit court of Rockbridge county, and remanding the case to that court for further proceedings to be had therein not in conflict with the opinion of this court.

It appearing from said petitions that the plaintiff in error has expressly waived its pleas of the statute of limitations, and that both parties desire a final disposition of this case upon the merits as presented by the record, independently of the defense of the statute of limitations:   On mature consideration thereof, the court is of opinion that the plaintiff in error was guilty of actionable negligence in failing to use ordinary care to keep its rock quarry, in which the defendant in error was employed as a laborer, in reasonably safe condition (and that said unsafe condition was not attributable to the work which was being conducted in said quarry), which negligence was the proximate and efficient cause of the injuries suffered by the defendant in error; and that the charge of contributory negligence alleged against the defendant in error is not sustained by the evidence; doth so decide and declare.

Therefore, (without in any manner receding from the views expressed by this court in its opinion delivered in the case, as originally submitted on the pleadings), upon the case as now

presented by the record, with the pleas of the statute of limitations withdrawn, it is considered by the court that the order heretofore entered in the case be set aside, and that the judgment of the Circuit Court be affirmed.

And it is further considered by the court that the plaintiff in error pay to the defendant in error damages according to law, and also his costs by him about his defense herein expended.

Which is ordered to be entered in the order book here, and forthwith certified to the clerk of this court at Staunton, who will enter the same in the order book there and certify it to the said Circuit Court of Rockbridge county.

*Affirmed.*