# CHARLESTON.

DANIELS, ADMR. v. THACKER FUEL COMPANY.

Submitted November 14, 1916.    Decided November 21, 1916.

1. APPEAL AND ERROR—*Review—Discretion of Trial Court.*

   As in other matters pertaining to a trial, wide discretion should be accorded the trial court in compelling joinder in or permitting withdrawals of demurrers to the evidence, and such discretionary action will not be reviewed unless plainly arbitrary or otherwise obviously improper. (p. 256).

2. MASTER AND SERVANT—*Unlawful Employment—Minors—Statutes—"In a Coal Mine."*

   Section 17, chapter 78, Acts 1907, section 26, chapter 15H, serial section 485, Code 1913, does not prohibit the employment of a boy under fourteen years of age, on the outside of a coal mine. "In any coal mine" in the statute does not mean "in or about a coal mine." (p. 257).

3. DEATH—*Actions for Wrongful Death.*

   Assuming unlawful employment of plaintiff's decedent in this case, recovery would be barred because of the consent or acquiescence of the father of the boy, who would be the sole beneficiary of any judgment that might be recovered against defendant. (p. 257).

Error to Circuit Court, Mingo County.

Action by Henry Daniels, as administrator, against the Thacker Fuel Company. There was a judgment for plaintiff, and defendant brings error.

*Reversed, and new trial awarded.*

*Goodykoontz & Scherr,* for plaintiff in error.

*C. M. Whitt, J. L. Stafford, S. U. G. Rhodes, Chas. E. Hogg* and *Robert Hogg,* for defendant in error.

MILLER, JUDGE:

An action on the case for the wrongful death of plaintiff's decedent, alleged to have been a boy under fourteen years of age, and employed by defendant in its coal mine contrary to the statute.

On the first trial, defendant's demurrer to the declaration

having been overruled, issue was joined on the plea of not guilty, and after both parties had introduced their evidence and rested, defendant demurred to the evidence and plaintiff joined therein, and there was a conditional verdict for the plaintiff for $5,000.00, subject to the judgment of the court on the law of the case, and the court took time to consider of its judgment.

Subsequently and before judgment on the demurrer to the evidence, the court, on plaintiff's motion, and over the objection of defendant, set aside the demurrer to the evidence, and the verdict of the jury, and awarded him a new trial, the ground of the court's action, as recited in its order, being that it had committed error in overruling defendant's demurrer to the declaration, because of the absence of any averment therein that plaintiff had been duly appointed and qualified as administrator of Hollie Daniels, deceased, and this action of the court, and its refusal to sustain the demurrer to the evidence, is the first point of error assigned and relied on by defendant.

In prior decisions we have accorded to the trial court a latitude of discretion in all matters pertaining to the conduct of the trial, including joinder in and withdrawals of demurrers to evidence, and that we will not review such discretionary action unless the same has been exercised in a manner plainly arbitrary or otherwise obviously improper. *Burns Bros.* v. *Morrison,* 36 W. Va. 423, and cases cited; *Cook* v. *Raleigh Lumber Co.,* 74 W. Va. 503, 82 S. E. 327; *Norfolk, etc. R. Co.* v. *Coffey,* 104 Va. 665, 51 S. E. 729, 52 S. E. 367.

The manifest purpose of the court in its rulings on plaintiff's motion was to permit plaintiff to amend his declaration at the bar of the court, so as to cure the defect therein. According to *Moss* v. *Campbell's Creek R. R. Co.,* 75 W. Va. 62, it was probably not necessary for the court to have set aside the demurrer to the evidence; as it could have permitted the declaration to be amended and have limited the new trial to the single issue whether plaintiff had been duly appointed and qualified as administrator. It did not do this however, but set aside the demurrer to the evidence and awarded a new trial on all issues presented by the pleadings.

Defendant insists that it was entitled to judgment on its demurrer to the evidence adduced on the first trial, without reference to its demurrer to the declaration. It is well settled that a demurrer to the evidence does not reach defects in the pleadings; but we decided in *State* v. *Mankin*, 68 W. Va. 772, that by demurring to the evidence a defendant does not waive his demurrer to the declaration, but may insist upon it in the appellate court. But when the evidence is insufficient and the trial court has sustained the demurrer thereto, as held in *State* v. *Mankin*, it is unnecessary to consider the demurrer to the declaration. In the case at bar, however, the court below did not pass thereon, and we do not know what its judgment would have been on the demurrer to the evidence. In *State* v. *Mankin*, the court below sustained the demurrer, holding the evidence insufficient, and we being of opinion that there was no error therein, and that defendant's demurrer was conditional, and not in the interests of the plaintiff, that the defect in the declaration became immaterial, and we affirmed the judgment. Here the case is presented differently. We can not go back to the demurrer to the evidence on the first trial and say that the court erred, for we see that the court never passed on that demurrer. Prior to *Moss* v. *Railroad Co.*, *supra*, decided after the judgment awarding a new trial in this case, the practice undoubtedly was to do just what the court below did in this case, that is to set aside the demurrer or verdict of the jury and award a new trial on the amended pleadings. *Lambert* v. *Ensign Mfg. Co.*, 42 W. Va. 813, 817; *Perry* v. *Coal Co.*, 74 W. Va. 122. Wherefore, we are of opinion that there is no reversible error in the judgment awarding plaintiff a new trial in the first instance.

The next point presented by plaintiff's instruction to the jury number A, given, and in rejecting defendant's instruction number 4, and on the evidence adduced, is that it is not unlawful, as claimed by plaintiff, and implied in the rulings of the court on these instructions, for a coal company to employ a boy under fourteen years to work, not in, but on the outside of its coal mine. It is insisted on behalf of plaintiff that "in any coal mine" as used in the statute means "in or about" a coal mine. We cannot give the statute this lim-

ited construction. The words of the statute are "in any coal mine". The word "in", used as it is with reference to the place or situation where a boy is not permitted to be employed, plainly means "within". This statute imposes a restriction upon trade or common occupation, and is in derogation of the common law, and should be strictly construed, as we decided in *Rhodes* v. *J. B. B. Coal Co.*, 79 W. Va. 71, at the present term of the court. The legislative intent is ascertainable we think by reference to the use of like or similar words in other statutes relating to the employment of child labor, for instance, in sections 71 and 72, chapter 15H, serial sections 530 and 531, respectively, Code 1913, which we had under consideration in *Rhodes* v. *J. B. B. Coal Co., supra.* In these sections the legislature used the words "in", "about", or "in connection with", with reference to the places where infants of the prohibited ages were not permitted to be employed. In chapter 10, Acts 1915, amending and re-enacting chapter 78, of the Acts of 1907, section 17 of which latter act is the one involved here, we find that the legislature in section 32, corresponding to said section 17, of the Acts of 1907, there retained the words "in any coal mine", but in section 33, the very next section, which relates to the employment of boys between the ages of 14 and 16, during school months, the words used are "in or about a coal mine." The fact that the legislature in amending and re-enacting these statutes used the words "in any coal mine" in section 32, and "in or about a coal mine" in section 33, evidences an intent that they were not used as equivalents, the one of the other. Section 32 of the new act prohibits the employment of a boy under fourteen years of age in any coal mine at any time. Section 33, prohibits the employment of a boy between the age of fourteen and sixteen during school months, in or about a coal mine. To give the statute, section 26, chapter 15H, serial section 485, Code 1913, the broad construction contended for by counsel for the plaintiff would prohibit the employment of a boy under fourteen years of age at any time in the offices of a coal company, or in doing any work on the outside of the mine. If the legislature had so intended we think it would have plain-

ly said so. Not having done so, we are not disposed to read into the statute words necessary to give it that meaning.

We have examined the evidence and are fully satisfied that plaintiff's decedent was not employed by the coal company to work in the mine; that he was seen in the mine by some witnesses on two or three occasions with his brothers or brother-in-law riding on the mine cars, is not sufficient evidence to show he was employed by the defendant to work in the mine. No one says he was employed to work in the mine. The mine foreman swears distinctly that the boy was employed to carry water, dry sand for the locomotives, work on the fill, and, in connection with his father, to work on the bone table, separating the slate from the coal as it was being loaded on the cars, and all on the outside of the mine. Deceased's father, brothers, and brother-in-law were all employed by defendant company, the father entirely on the outside of the mine where the boy was employed; so we are satisfied there is nothing in the evidence justifying the theory that the boy was employed to work in the mine.

But assuming that the deceased was unlawfully employed, the evidence is conclusive that the father, sole beneficiary of any recovery, knew and consented to his employment. The boy lived with his father the most of the time, worked with him on the outside of the mine, and they all traveled to and from the mine together. The father having consented to or acquiesced in the employment of his boy in the mine there could be no recovery against the defendant, as we decided in *Dickinson* v. *Stuart Colliery Co.,* 71 W. Va. 325.

The next point is that the defendant was guilty of no negligence, and that the deceased was guilty of contributory negligence, precluding recovery. There is no evidence showing or tending to show negligence upon the part of the defendant. Deceased came to his death by attempting to ride a new steel mine car loaded with ties, which he was not employed to do, and from which he fell and sustained his injuries. There was no attempt to sustain by evidence the theory of negligence upon the part of defendant. It is suggested that the mine car was new and the brakes stiff and that this constituted a defect in the car. Certainly the verdict and judgment

below could not be sustained upon any such theory, even if the evidence showed that the boy had been employed to operate the car and the brakes, which is not the fact.

For the foregoing reasons we are of opinion to reverse the judgment and award the defendant a new trial.

*Reversed and new trial awarded.*