# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## VIRGINIA RAILWAY AND POWER COMPANY V. GORSUCH.

### March 15, 1917.

1. TRIAL—*Reopening Case.*—In an action for personal injuries occasioned by a collision between a street car and an automobile, defendant street railway company, after the evidence had been concluded and plaintiff had rested and concluded her case, demurred to the evidence, because no proof had been offered as to the ownership of the street car which collided with the automobile. The trial court allowed plaintiff to reopen the evidence and prove the ownership of the street car. In this there was no error. At that stage of the proceedings they were within the control of the trial court, and it was the duty of the judge to permit the plaintiff to prove a fact which had been inadvertently omitted, but about which there was no doubt whatever. Had the court refused to do so, it would have been reversible error. Matters of this sort are within the discretion of the trial court and will not be reviewed unless such discretion is exercised in an arbitrary or obviously improper manner.

2. IMPUTABLE NEGLIGENCE—*Passenger in Private Vehicle.*—Where a passenger is in a private vehicle by invitation and is exercising no control over the driver, the negligence of such driver cannot be imputed to the passenger. If precluded from recovery it must be because of his own negligence.

3. AUTOMOBILES—*Imputable Negligence.*—The negligence of the driver of an automobile will not be imputed to a mere passenger, unless the passenger has or exercises control over the driver.

4. AUTOMOBILES—*Imputable Negligence—Husband and Wife.*—The negligence of a husband driving an automobile is not, as a general proposition, imputable to his wife merely because of the marital relation; nor is the negligence of the driver of an automobile imputable to his guest merely because he is riding with him by invitation.

5. IMPUTABLE NEGLIGENCE—*Bailor and Bailee.*—The negligence of a bailee of property, over whom the bailor is exercising no control at the time of the injury, is not imputable to the bailor.

6. Imputable Negligence—*Master and Servant.*—The negligence of the servant is imputed to the master, because the master employs and can discharge the servant and direct his actions.

7. Imputable Negligence—*Husband and Wife—Contributory Negligence.*—The wife owned an automobile. Her husband at work in another city from his home borrowed it from her. The husband had had possession of the automobile for about a week when his wife visited him, and while riding in the automobile driven by her husband was injured in a collision with a street car. The wife was on the front seat, on the side of the automobile from which the street car was approaching, half turned, so that she could not see the approaching street car, talking from time to time with a guest.

   *Held:* That the negligence, if any, of her husband, could not be imputed to her, and that she was herself guilty of no negligence.

8. Husband and Wife—*Obligation of Wife.*—Notwithstanding the advances made by modern women towards political and economic independence of man, it still remains true that the normal woman married to the normal man recognizes the obligation of obedience contained in the marriage vow, and observes the Pauline injunction to remain subject to her husband.

Error to a judgment of the Circuit Court of the city of Richmond, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*H. W. Anderson, A. B. Guigon* and *Thos. P. Bryan,* for the plaintiff in error.

*J. Kent Rawley* and *M. J. Fulton,* for the defendant in error.

Prentis, J., delivered the opinion of the court.

A collision occurred at the intersection of Eighth and Grace streets, in the city of Richmond, on the night of September 19, 1914, between 11:30 and 12 o'clock, between a west-bound automobile and a north-bound street car of the Virginia Railway and Power Company. The occupants of the automobile were Mr. Thomas H. Gorsuch, his wife Sophia, and their friend, Mr. John F. Stephenson. The front part of the automobile was seriously damaged and Mrs. Gorsuch was injured.

Mr. Gorsuch was employed by the Virginia Railway and Power Company to do some work in the city of Richmond in connection with dismantling certain plants on Brown's Island and re-erecting them on Belle Isle. His wife lived in the city of Baltimore. She owned the automobile referred to, but Mr. Gorsuch, shortly before the accident, had told her that he had so far to walk to his work, it would be a convenience to him to have the use of the automobile in Richmond, and she had sent it to him, and it had been in Richmond and in his possession for about a week before the date of the accident. On the afternoon of the day of the accident, Mrs. Gorsuch came from Baltimore to Richmond for a visit, was met at the train by her husband with the automobile, and after a pleasure ride Mr. Stephenson was invited to go with them to a local hotel, where the party had something to eat with some beer (though there is no suggestion of intoxication), and after watching the dancing they started home about 11:30 p. m. Within one square after the automobile started, the collision occurred. At that time the surface of Grace street was torn up because the company was relaying or repairing its tracks at that point. The excavations made it necessary to provide a temporary crossing over the tracks at the place of the accident, which consisted of railroad ties laid alongside of each other, making a crossing twelve feet wide.

83

1. One of the errors assigned is, that after the evidence had been concluded, the defendant company had demurred to the evidence because it had not been proved that the street car was the property of the Virginia Railway and Power Company, although the plaintiff, Mrs. Gorsuch, had rested and concluded her case, after the statement of the grounds of demurrer, the court allowed her to reopen the evidence and prove the ownership of the street car.

There is no merit in this assignment. At that stage of the proceedings they were within the control of the trial court, and it was the duty of the judge to permit the plaintiff to prove a fact which had been inadvertently omitted, but about which there was no doubt whatever. Had the court refused to do so, it would have been reversible error. Matters of this sort are within the discretion of the trial court and will not be reviewed unless such discretion is exercised in an arbitrary or obviously improper manner. *N. & W. Ry. Co.* v. *Coffey,* 104 Va. 670, 51 S. E. 729, 52 S. E. 367; *Daniels* v. *Thacker Fuel Co.* (W. Va.), 90 S. E. 841; *Burns Bros.* v. *Morrison,* 36 W. V. 423, 15 S. E. 62; *Cook* v. *Raleigh Lumber Co.,* 74 W. V. 503, 82 S. E. 327.

2. Another error assigned is the failure of the court below to instruct the jury that the contributory negligence of the husband, Mr. Gorsuch, should be imputed to Mrs. Gorsuch in bar of her recovery.

The doctrine of imputable negligence has been discussed, and the books are full of cases dealing with the question. There are some conflicts in the decisions, but it may be regarded as settled by the overwhelming weight of authority, that the negligence of the driver of an automobile will not be imputed to a mere passenger, unless the passenger has or exercises control over the driver. The negligence of the servant is imputed to the master, because the master employs and can discharge the servant and direct his actions. It seems to be well settled that the negligence of a husband

driving an automobile is not, as a general proposition, imputable to his wife merely because of the marital relation; nor is the negligence of the driver of an automobile imputable to his guest merely because he is riding with him by invitation. *Anthony* v. *Kiefner*, 96 Kan. 194, 150 Pac. 524, L. R. A. 1915-F, 876, Ann. Cas. 1916-E, 268; Ann. Cas., 1912-A, 649; *Reading Township* v. *Telfer*, 57 Kan. 798, 48 Pac. 134, 57 Am. St. Rep. 355; 110 Am. St. Rep. 289; *Schultz* v. *Old Colony R. Co.*, 193 Mass. 309, 79 N. E. 873, 8 L. R. A. (N. S.) 597, 118 Am. St. Rep. 502, 9 Ann. Cas. 402; *Wachsmith* v. *B. & O. R. Co.*, 233 Pa. St. 465, 82 Atl. 755, Ann. Cas. 1913-B, 679; *St. Louis & S. F. R. Co.* v. *Bell* (Okl.), 159 Pac. 336.

It is earnestly claimed, however, that because of the fact that Mrs. Gorsuch owned the automobile involved in this collision, none of the rules above stated are applicable to this case, and that Mrs. Gorsuch, as the owner of the machine, had such control, or right of control, over it as to make her responsible for the negligence of her husband.

We cannot agree with this suggestion. Mr. Gorsuch was the gratuitous bailee of her automobile and had been for a week before the accident. His control of it while his wife remained in Baltimore, was as absolute as if he had owned the machine, and the casual visit of Mrs. Gorsuch to Richmond did not change this control.

The case of *Hartfield* v. *Roper & Newell*, 21 Wend. (N. Y.) 615, 34 Am. Dec. 273, decided in 1839, is instructive. Newell had demised his team for a term of two years, which had not expired at the time of the injury, to his son-in-law and co-defendant, Roper. The accident, however, occurred when Newell, the owner of the team, was riding in the vehicle, and the court acquitted him of responsibility for the accident upon the ground that at the time thereof he had no control over the team and could not be made liable

without proof of positive and active concurrence in the injury, quaintly adding, "a thing for which there is no pretense in the proof, and which implies a barbarous temper, which the law cannot presume in any one."

This appears from the case of *New Jersey Electric Ry. Co.* v. *N. Y., L. E. & W. R. Co.*, 61 N. J. L. 287, 41 Atl. 1116, 43 L. R. A. 849. The New York, Lake Erie and Western Railroad Company was the owner of a certain locomotive and cars which had been injured in a collision between such locomotive and an electric car of the New Jersey Electric Railway Company. At the time of the accident the locomotive and cars of the plaintiff had been hired by the day and from day to day for the use of another company, the New York and Greenwood Lake Ry. Co., which latter company was, with its own engineer, fireman and employees, operating the same upon its own roadbed and rails at the time and place of the collision. The effort was made to impute the negligence of the operating company, the lessee, to the New York, Lake Erie and Western Railroad Company, the owner of the cars, but the court refused to take that view, saying, among other things: "In a contract of bailment of things for hire, the bailor is not responsible to a third party for injuries occurring to such third party by reason of the negligent use of the thing hired by the bailee, nor for the negligence of the servants of the bailee in respect thereto. The bailee does not stand in the place of the bailor, nor represent him in such relation as to render the bailor liable for such injuries; nor are the servants of the bailee the servants of the bailor, or in any sense acting for him; and the contract of bailment is in so far entirely an independent one, and the liabilities of the bailor and bailee to third parties are essentially independent of each other."

The modern and better doctrine is that the negligence of a bailee of property, over whom the bailor is exercising no

control at the time of the injury, is not imputable to the bailor. Hence, a livery stable keeper is not prevented from holding a railroad company liable for negligently killing a horse because the negligence of the hirer, in whose sole control the animal was, contributed to the injury. *Gibson* v. *Bessemer & Lake Erie R. Co.*, 226 Pa. 198, 75 Atl. 194, 27 L. R. A. (N. S.) 690, 18 Ann. Cas. 535.

The proposition is also strengthened by *Sea Insurance Co.* v. *Vicksburg, S. & P. R. Co.*, 159 Fed. 676, 86 C. C. A. 544, 17 L. R. A. (N. S.) 925; *Currie* v. *Consolidated Ry. Co.*, 81 Conn. 383, 71 Atl. 356; *Ala. G. S. R. Co.* v. *Clark*, 145 Ala. 459; 39 So. 816; Van Zile on Bailments and Carriers (2nd ed., 1908), sec. 119; 3 R. C. L. 147.

We know of no reason for applying a different rule when the bailment is gratuitous.

The relation of Mrs. Gorsuch to Mr. Gorsuch, under the circumstances above referred to, was that of bailor to bailee, and until she resumed control of the property, the operation of the car was as completely within his control as if he had been the fee simple owner thereof.

Mrs. Gorsuch, at the time of the accident, was no more responsible for the negligence of her husband than the other guest who was riding in the machine was responsible therefor. In order to defeat her recovery in this case, it would be necessary to prove that she was herself guilty of some negligence. This the record fails to show. She was on the front seat, on the side of the automobile from which the street car was approaching, half-turned, so that she could not see the approaching street car, talking from time to time to their guest, Stephenson. This conduct was perfectly natural and such as is demanded by the ordinary rules of courtesy. She had no reason to distrust her husband's skill or carefulness, and notwithstanding the advances made by modern women towards political and

economic independence of man, it still remains true that the normal woman married to the normal man recognizes the obligation of obedience contained in the marriage vow, and observes the Pauline injunction to remain subject to her husband, as is suggested in *Reading Township* v. *Telfer, supra;* Ann. Cas., Vol. 22, 1912-A, 649.

There is nothing then in this record to indicate any negligence on the part of the plaintiff in the action, Mrs. Gorsuch.

Where a passenger is in a private vehicle by invitation and is exercising no control over the driver, the negligence of such driver cannot be imputed to the passenger. If precluded from recovery it must be because of his own negligence. This case is controlled by the well-established doctrine announced in the case of *Atlantic & Danville R. Co.* v. *Ironmonger,* 95 Va. 632, 29 S. E. 319.

It follows from this that it is unnecessary to pass upon the question as to whether the evidence indicates that the negligence of her husband contributed to the accident. Whether it did or not, under the circumstances of this case, it cannot be imputed to her.

Mrs. Gorsuch made no claim in her testimony for damages for injury to the automobile, and her husband stated that the automobile had been repaired at his own expense. The court apparently eliminated this element of damage from the consideration of the jury, for the instruction as to damages limits the jury to the consideration of her physical and bodily injuries, mental suffering caused by the accident, and actual damages to wearing apparel and jewelry; and the jury unquestionably heeded this instruction, because they rendered a verdict for $600, and the repairs to the automobile alone, according to the testimony, amounted to $590.

The question as to responsibility for the accident was fairly submitted to the jury, and they were justified, upon the evidence introduced by the plaintiff, in inferring the negligence of the company from the failure of the motor-man to keep a proper lookout for travelers upon Grace street, and in failing to moderate the speed of the street car in accordance with the city ordinance limiting that speed to four miles an hour when crossing Grace street.

The judgment will, therefore, be affirmed.

*Affirmed.*