## HUNT-BERLIN COAL CO. *v.* MCDONALD COAL CO.

### (*Jackson.*   April Term, 1923.)

NEGLIGENCE.   Contributory negligence of bailee of automobile not imputable to owner.

Where corporation engaged in buying and selling coal owned an automobile which it used in its business, but which, when not in such use, was kept at the home of the president, who frequently used it for his own pleasure, in action by the corporation for injuries to the automobile, occasioned by collision with defendant's truck, contributory negligence of the president or his son, who was driving the car, in the accomplishment of an object of a personal nature, the president being conceded to be a bailee, was not imputable to plaintiff.

Cases cited and approved: Sea Insurance Co. v. Vicksburg, Shreveport & Pacific Railway Co., 159 Fed., 676;  Gibson v. Bessemer, etc., R. Co., 226 Pa., 198;  Currie v. Consolidated R. Co., 81 Conn., 383;  Alabama Great Southern R. Co., v. Clarke, 145 Ala. 459;  Electric Railway Co. v. New York, etc., R. Co., 61 N. J. Law, 287;  Kellar v. Shippee, 45 Ill. App., 377;  Spelman v. Delano, 177 Mo. App., 28;  Aldrich v. Boston & M. R. Co., 91 Vt., 379;  Fischer v. International Ry. Co., 112 Misc. Rep., 212;  Lloyd v. Pacific Railway Co., 107 Wash., 57;  Smith v. Smith, 2 Pick. (Mass.), 621;  Illinois C. R. v. Sims. 77 Miss., 329;  Puterbaugh v. Reasor, 9 Ohio St., 484;  Forks Tp. v. King, 84 Pa., 230;  Texas & P. R. Co. v. Tankersley, 63 Tex., 58.

Case cited and distinguished:  Virginia Railway & Power Co. v. Gorsuch, 120 Va., 655.

---

### FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to

the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. H. W. LAUGHLIN, Judge.

SAML. P. WALKER, for plaintiff in error.

WILSON, GATES & ARMSTRONG, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the Court.

An action of damages instituted by the McDonald Coal Company, a corporation, who will hereinafter be referred to as plaintiff, against the Hunt-Berlin Coal Company, a corporation, who will hereinafter be referred to as defendant, to recover damages for injury to a passenger automobile, the property of plaintiff, by reason of a collision with a coal truck of the defendant, which had been left in a disabled condition on Jackson avenue, a thoroughfare of the city of Memphis.

The ground of negligence relied upon by plaintiff for a recovery against defendant was that defendant had permitted its truck to remain in said street without taking proper precautions to warn persons traveling in other vehicles along and on said street of the presence of said truck.

To plaintiff's declaration defendant filed two pleas:

First, the plea of general issue; and, second, a special plea of contributory negligence, in which it was averred that the driver of plaintiff's automobile was guilty of negligence in failing to see defendant's truck before colliding with it, and that he was guilty of negligence in that he was traveling at a speed in excess of that prescribed by an ordinance of the city of Memphis, which

directly and proximately contributed to the collision that resulted in injury to plaintiff's automobile.

The proof introduced on the trial of the case showed that the automobile, which was injured, was the property of plaintiff, a corporation duly chartered and organized under the laws of the State of Tennessee, with its office and place of business in the city of Memphis, Tenn.; that plaintiff's officers, at the time of the accident in question, were F. A. McDonald, Sr., President, F. A. McDonald, Jr., Vice President, and J. A. McDonald, Secretary. The corporation, as its name would indicate, was engaged in the buying and selling of coal. It was the owner of the automobile in question, and used it in and about its business. When not in use by the plaintiff, it was kept at the home of F. A. McDonald, Sr., president of the company, in his private garage. This was done because plaintiff had no proper storage room for it at its plant or office. It appears from the undisputed evidence that frequently F. A. McDonald, Sr., president of the company, and members of his family, would use said automobile for their personal pleasure, when the same was not in use by plaintiff.

On the night of the accident in question the twenty year old son of F. A. McDonald, Sr., with the permission of his father, was driving said automobile, and engaged in gathering up certain guests in the neighborhood who had been invited to attend a church entertainment at the home of F. A. McDonald, Sr. It was a dark, rainy night, and, while young McDonald was driving said automobile along Jackson avenue, he ran the same into the coal truck of defendant, which had been disabled and left in the street without any light, signal, or other warning to

persons, who might be using said street, of its presence in the street.

There was evidence introduced by defendant tending to show that the driver of plaintiff's automobile was, at the time of the accident, driving at an excessive rate of speed, and in violation of an ordinance of the city of Memphis.

At the close of all the testimony defendant moved for a directed verdict in its favor on the ground that the proof showed that the driver of the automobile was guilty or contributory negligence, which directly and proximately contributed to the injury of plaintiff's automobile.

In response to this insistence plaintiff contended that any contributory negligence on the part of the driver could not be relied on in the present action to bar a recovery in favor of plaintiff, because F. A. McDonald, Sr., was a bailee of its automobile, which, at the time of the accident, was being driven by his agent, whose contributory negligence could not be imputed to plaintiff.

Defendant's motion for a directed verdict was overruled.

Whereupon, the court submitted the case to the jury, withdrawing from the jury, however, a consideration of defendant's plea of contributory negligence, and instructed the jury that, if the driver of the automobile were guilty of contributory negligence, that negligence could not be imputed to the plaintiff.

A verdict was rendered by the jury in favor of the plaintiff for the sum of $1,178, and interest.

Defendant made a motion for a new trial, which was overruled by the court, and judgment was entered in accordance with the verdict of the jury. From this judg-

ment defendant appealed to the court of civil appeals. That court affirmed the judgment of the trial court, and the case is now before this court upon a writ of *certiorari* sued out by defendant, and for review, and errors to the judgment of the court of civil appeals have been duly assigned.

It is insisted: First, that the court of civil appeals erred in not sustaining defendant's motion for a directed verdict; and, second, in not holding that the trial court erred in withdrawing from the consideration of the jury defendant's plea of contributory negligence, and in instructing the jury that any contributory negligence on the part of the driver of plaintiff's automobile, at the time of the accident, was not imputable to plaintiff.

It is conceded by counsel for defendant that it was guilty of negligence in leaving its disabled truck on the street without taking proper precautions to warn others who might travel along said street of its presence in the street. It is insisted, however, that there was proof which tended to show that the driver of said automobile was guilty of negligence which directly and proximately contributed to the collision, and that his negligence is imputable to plaintiff. On the other hand, it is insisted by plaintiff that F. A. McDonald, Sr., being a bailee of its automobile at the time of the collision, his negligence, or that of his agent, is not imputable to it under the law.

As we understand defendant's contention, it is not controverted that F. A. McDonald, Sr., was plaintiff's bailee in the use of its automobile at the time of the collision, but its insistence is that plaintiff is chargeable with the contributory negligence of its bailee, or that of his agent.

"A bailment may be defined as a delivery of personalty

for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be." 6 C. J., 1084.

In R. C. L., vol. 3, pp. 72 and 73, it is said that the word "bailment" comes from the French "bailler," meaning "to deliver," and in its ordinary signification, which conforms to modern authorities and is substantially accurate, may be said to import the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it.

In R. C. L., vol. 3, p. 147, it is said:

"Until within very recent years the weight of authority, numerically at least, seems to have been in favor of the view that if the bailee or his servant, through negligence, contributed to the injury of goods in his hands, such negligence was imputable to the bailor, so as to prevent a recovery by him from a third person whose negligence, combined with that of the bailee, caused the injury. But later cases have manifested a decided trend in the contrary direction, so that now the scale may be said to have turned in favor of the other side of the proposition, namely that the bailee's negligence is not imputable to the bailor so as to debar him from bringing an action for an injury to the subject of the bailment. Those cases which support the doctrine that the contributory negligence of the bailee is imputable to the bailor are based on the

Hunt-Berlin Coal Co. v. McDonald Coal Co.

theory that, where a bailee uses property for the very purpose for which it was bailed, there is the same privity of contract, in all essential features, as in engagements between principal and agent and between master and servant, and that consequently the bailor and the bailee must recover, if at all, on the same facts, and under the same circumstances. The reasoning pursued is that whatever entitles to a recovery entitles either the bailor or the bailee to such recovery; *e converso,* whatever forbids a recovery to the bailee will also defeat the bailor's action, and so, since a bailee who is guilty of contributory negligence cannot recover in his own name against a stranger for an injury to property bailed, a recovery for the same cause will not be allowed the bailor. Those authorities which entertain the view that a bailor need not look alone to his bailee for a wrong by a third party in connection with the bailee, as respects the contract of bailment, proceed on the ground that, when one has been injured by the wrongful act of another to which he has in no way contributed, he should be entitled to compensation from the wrongdoer, unless the negligence of some one towards whom he stands in the relation of principal or master has materially contributed to the injury, and that it is of course well settled that the bailor is not the principal or master of the bailee. This latter view, as has been stated before, appears to be gaining ground, and on principle it would seem that only when the contributory negligence with which it is sought to charge a plaintiff is of such a character, and the person guilty of the same is so connected with such plaintiff, that an action might be maintained against him for damages for the consequences of such negligence, can it in contemplation of law be just-

148 Tenn.—33

ly imputed to him. And as has been seen, such a relation does not exist between the bailor and bailee under the ordinary contract of bailment."

In 6 C. J., p. 1168, it is said: "In a suit against a third party by the bailor for injury to the property bailed, negligence of the bailee is no defense."

To the same effect is the rule announced in 1 Thompson on Negligence, 465 to 467.

In *Sea Insurance Co.* v. *Vicksburg, Shreveport & Pacific Railway Co.,* 159 Fed., 676, 86 C. C. A., 544, 17 L. R. A. (N. S.), 925, it was held that an owner of cotton who leaves it with a compress company to be baled is not chargeable with the latter's negligence which, combined with that of a railroad company, results in the destruction of the cotton by fire so as to prevent him, or the insurer of the cotton who is subrogated to his rights, from holding the railroad company liable for the loss.

In *Virginia Railway & Power Co.* v. *Gorsuch,* 120 Va. 655, 91 S. E., 632, Ann Cas., 1918B, 838, the facts showed that Mrs. Gorsuch owned an automobile which she sent to another city for her husband to use, and on her casual visit to the city while riding with him in the automobile, it was struck by a street car at a crossing while she was engaged in conversation with another passenger and exercising no control over its operation. It was held that the negligence of the husband was not imputable to the wife, since the husband was, in effect, her bailee. In that case the court said:

"The modern and better doctrine is that the negligence of a bailee of property, over whom the bailor is exercising no control at the time of the injury, is not imputable to the bailor. Hence, a livery-stable keeper is not pre-

Hunt-Berlin Coal Co. v. McDonald Coal Co.

vented from holding a railroad company liable for negligently killing a horse because the negligence of the hirer, in whose sole control the animal was, contributed to the injury."

To the same effect is the rule announced in *Gibson* v. *Bessemer, etc., R. Co.,* 226 Pa., 198, 75 Atl., 194, 27 L. R. A. (N. S.), 690, 18 Ann. Cas., 535; *Currie* v. *Consolidated R. Co.,* 81 Conn., 383, 71 Atl., 356; *Alabama Great Southern R. Co.* v. *Clarke,* 145 Ala., 459, 39 South., 816; *Electric Railway Co.* v. *New York, etc., R. Co.,* 61 N. J. *Law,* 287, 41 Atl., 1116, 43 L. R. A., 849; *Kellar* v. *Shippee,* 45 Ill. App., 377; *Spelman* v. *Delano,* 177 Mo. App., 28, 163 S. W., 300; *Aldrich* v. *Boston & M. R. Co.,* 91 Vt. 379, 100 Atl., 765; *Fischer* v. *International Ry. Co.,* 112 Misc. Rep., 212, 182 N. Y. Supp., 313; *Lloyd* v. *Pacific Railway Co.,* 107 Wash., 57, 181 Pac., 29, 6 A. L. R., 307.

In the exhaustive note on the question appearing on page 316 of 6 A. L. R., the annotator says:

"There has been a change in the weight of authority on this question. Excluding carrier cases, the majority of the earlier cases held that the contributory negligence of the bailee was imputable to the bailor where the subject of bailment was damaged by a third person"—citing *Smith* v. *Smith,* 2 Pick. (Mass.), 621, 13 Am. Dec., 464; *Illinois C. R. Co.* v. *Sims,* 77 Miss., 329, 27 South., 527, 49 L. R. A., 323; *Puterbaugh* v. *Reasor,* 9 Ohio St., 484; *Forks Tp.* v. *King,* 84 Pa., 230; *Texas & P. R. Co.* v. *Tankersley,* 63 Tex., 57.

After citing the above cases, however, the annotator adds: "But at this time the weight of authority is decidedly in favor of the rule that in bailments other than for carriage the contributory negligence of the bailee is

not imputable to the bailor where the subject of the bailment is damaged by a third person."

And the cases hereinbefore cited in favor of the modern rule are collected and annotated.

After a review of the authorities on the question, we are of the opinion that the great weight of authority sustains the contention of plaintiff that the contributory negligence of its bailee, or that of his agent, in the use of its automobile, is not imputable to it.

There is, therefore no error in the judgment of the court of civil appeals, and it is affirmed with costs.