## CIRCUIT COURT OF FREDERICK COUNTY

Randall S. Updike

v.

Owen McNeeley et al.

March 25, 1988

Case No. (Law) 4302

By JUDGE ROBERT K. WOLTZ

Plaintiff Updike's motion for judgment alleges that McNeeley and another are owners of a certain bull entered in a sale sponsored by an organization of cattle breeders. The conduct of the sale was by a sales organization with one of its agents in charge. The plaintiff was a judge or grader of the animals being exhibited for sale. While he was in the exhibition ring the McNeeley bull was brought into it, being handled by an agent of the sales company, and the bull, alleged to be known as difficult to handle and with propensity towards violence, attacked and injured the plaintiff.

The motion for judgment charges the defendant owners of the bull with liability for the injuries and damages suffered by the plaintiff. In part this liability is pitched on the theory that the owners were bailors of the bull to the sales organization as bailee. The owners demur as to the portion of the plaintiff's motion for judgment placing liability on them as bailors of the bull. The demurrer is sustained.

"The general doctrine is that a bailor is not responsible for the acts of his bailee resulting in injuries." *U-Run-It Co. v. Merryman*, 154 Va. 467 (1930). Employees of a bailee are not the servants of a bailor and the latter is not legally responsible for acts of negligence on their

part in the performance of their duties. *Green's Exec. v. Smith*, 146 Va. 442 (1926). A bailee does not stand in the place of a bailor and is not his representative so as to make him liable for injury suffered by another, nor are the servants of the bailee servants of the bailor or acting for him. *Virginia Railway and Power Co. v. Gorsuch*, 120 Va. 655 (1917).

It appears from those cases that there are exceptions to the general rule such as the terms of the contract of bailment which may place liability on the bailor; or where the bailor or one of his agents maintains some control over the bailed property at the time of the injuries complained of by a third party. Unless, however, there is some exception to the general rule the negligence of the bailee is not imputable to the bailor. The plaintiff's motion for judgment alleges no facts which would bring his claim against the bull's owners within one of the exceptions whereby they as bailors could be held liable by the plaintiff for negligent acts of the bailee. Therefore, the allegations of the motion for judgment in that respect are demurrable.