## CIRCUIT COURT OF FAIRFAX COUNTY

Richard Allen Cline

v.

Sidney Rodgers
and Bonnie Rodgers

February 22, 1989

Case No. (Law) 87601

By JUDGE F. BRUCE BACH

This matter is before the Court on Sidney and Bonnie Rodgers's demurrer to the amended motion for judgment. The demurrer was heard by this Court on February 10, 1989.

The Rodgers have demurred to all five counts of the amended motion for judgment. The Rodgers argue that a cause of action has not been alleged under Count 1 because as bailors they are not liable for the negligent acts of their bailee; Count 2 only asserts a cause of action for negligence against John and Jean Judy; § 55-299 alleged in Count 3 does not create a cause of action against the Rodgers; and under Counts 4 and 5, Cline has failed to allege that he was the intended beneficiary of the agreements made between the Rodgers and Judys.

Cline admits that the demurrer should be sustained to Count 4. However, Cline argues in light of *Rice v. Turner*, 191 Va. 601 (1950), that the demurrer to the other four counts should be overruled.

Based on a review of the Rodgers's memorandum and *Rice v. Turner*, it is my opinion that the demurrer should be sustained as to all five counts of the motion for judgment.

The Rodgers placed their horses in the custody of John and Jean Judy; it was the Judys' responsibility to care for and supervise the animals at their equestrian center. The facts of this case indicate that the Judys acted as bailees for the Rodgers. *K-B Corp. v. Gallagher*, 218 Va. 381 (1977); *Crandall v. Woodard*, 206 Va. 321 (1965).

The Virginia Supreme Court in *U-Run-It Co. v. Merryman*, 154 Va. 467 (1930), stated that where a bailment has been created, the bailor may not be held responsible for the acts of his bailee which result in injury. Furthermore, "the negligence of a bailee of property, over whom the bailor is exercising no control at the time of injury, is not imputable to the bailor." *Virginia R. & R. & Co. v. Gorsuch*, 120 Va. 655, 660-1 (1917). Hence, no liability may be imposed on the Rodgers due to the Judys' failure to adequately supervise the horses.

Cline argues that *Rice v. Turner*, 191 Va. 601 (1950), requires the Court to overrule the demurrer. In *Rice* the owner of the animals also retained custody and control. The accident occurred while the cows were being supervised by the owner's employees and on a road adjacent to the owner's property. Although the court found insufficient evidence of negligence, it did state that "a duty of ordinary care is placed on the owner in the use and maintenance of his property to prevent injury to others." *Id.* at 26. The facts of *Rice* are distinguishable from the case at issue for the sole reason that *Rice* does not involve a bailment. The owner had not delivered possession of his cows to a third party bailee who accepted possession and intended to exercise control over the property. *K-B Corp. v. Gallagher*, 218 Va. 381 (1977). The demurrer to Count 1 is sustained.

Count 2 of the amended motion for judgment simply alleges a claim of negligence against the owners of the equestrian center only. As no cause of action has been alleged against the Rodgers, the demurrer to Count 2 is sustained.

Under Count 3, § 55-299 does not state a cause of action against the Rodgers. Section 55-299 simply provides the standard for a "lawful fence." The statutory provision does not indicate that failure to comply constitutes negligence *per se*. The standard is used in determining whether an action for trespass may be brought under § 55-306. Under

Section 55-306, if a landowner has maintained a "lawful fence" and another's domesticated animal trespasses on his land, he may maintain an action for trespass against the owner of the animal. Such a statute does not address the situation where an owner places his horses in the care and custody of individuals who do not maintain a lawful fence. The demurrer to Count 3 is sustained.

Mr. Cline has admitted that the demurrer to Count 4 of the amended motion for judgment should be sustained because there are no allegations that Cline was an intended beneficiary of the contract made between Mr. and Mrs. Rodgers and the Judys. Count 5 also alleges breach of an agency agreement between the Rodgers and Judys. Again, because Cline has failed to allege that he was the third party intended beneficiary of that agreement (see *Forbes v. Kelly*, 226 Va. 391 (1983)), the demurrer to Count 5 is sustained.